## 55379. AARON v. THE STATE.

DEEN, Presiding Judge.

1. Whether joint defendants are to be tried jointly or severally for noncapital felonies is a matter within the discretion of the trial court. Code § 27-2101; *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973). For this court to hold that a denial of the motion was an abuse of discretion it must appear that the defendant suffered prejudice amounting to a denial of due process. *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975). No such showing is present here.

2. The evidence is clear that there was an attempt to burglarize a cabin; that the defendant and another were the apparent "lookouts" for this attempt, as they drove around and around the cabin on a country dirt road; that the persons who actually entered the cabin escaped on foot, but that the defendant and his passenger were apprehended in the vehicle which had been circling the house, and both were tried and convicted. The fact that a mistrial was granted as to three of the five persons jointly tried, and whom the state contended were those who escaped on foot, does not render inconsistent the verdict of guilty against Aaron, as one may be convicted as a co-conspirator of an unknown party.

3. It was not error to refuse to grant a mistrial as to this defendant when the jury had debated about four and a half hours. *Van Scoik v. State,* 139 Ga. App. 293 (228 SE2d 229) (1976).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED MARCH 1, 1978 — DECIDED
MARCH 16, 1978.

*Martin W. Welch,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.