## 33982. SIMS v. THE STATE.

BOWLES, Justice.

Lillie May Sims was tried and convicted for the murder of Iris Mildred Hooks and received a life sentence. She appeals following the denial of her motion for new trial. We affirm.

The evidence for the state showed that on the night of June 13, 1977, someone knocked on the door of the

residence of Mr. July Taylor and the victim, Iris Mildred Hooks. Mr. Taylor, who was sleeping in a room near the entrance of the residence, called out to the victim, who was sleeping in a room in the back of the residence, to answer the door. Mr. Taylor testified that he identified the person at the door as the appellant by her voice although, at the time, he did not actually see her. The victim went to the door, an argument ensued, and the victim was stabbed. Mr. Taylor testified that the victim had no weapon.

Shortly thereafter, police officer Wayne Hooks arrived at the scene. He questioned Mr. Taylor, who told him that the appellant had knocked on their door just prior to the stabbing. Officer Hooks testified that he approached appellant and asked her if she was involved in the incident. She stated ". . .I did it. I stabbed her. I was tired of her getting drunk and bothering me." Appellant then handed Officer Hooks a steak knife with blood stains on it. Officer Hooks testified that no weapons were found near the front door of the victim's residence.

Detective Prentice Alligood arrived at the scene of the crime, placed appellant under arrest, and took her to Dublin Police Department Headquarters. After being advised of and waiving her Miranda rights, appellant made a statement, which was admitted in evidence following a Jackson v. Denno hearing. In the statement she admitted stabbing the victim but claimed that she did so because she believed the victim was reaching for a weapon.

Appellant testified in her own behalf, admitted stabbing the victim, and claimed that she acted in self-defense.

1-3. In her enumerations of error, appellant contends that the evidence adduced by the state was insufficient to withstand a motion for a directed verdict of acquittal at the close of the prosecution's case, at the close of the evidence, and that the evidence was insufficient to support the verdict and judgment.

The trial court's refusal to direct a verdict of acquittal is error only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. Code Ann. § 27-1802 (a); *Merino v. State,* 230 Ga. 604 (198 SE2d

311) (1973). In reviewing the denial of a motion for directed verdict as well as in considering the sufficiency of the evidence to sustain a conviction, the proper standard to be utilized by the appellate court is the "any evidence" test. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975); *Lee v. State,* 237 Ga. 626, 627 (229 SE2d 404) (1976); *Mitchell v. State,* 236 Ga. 251, 257 (223 SE2d 650) (1976); *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976). Applying this test to the facts of this case, we find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 1, 1978 — DECIDED SEPTEMBER 27, 1978.

*H. G. Bozeman,* for appellant.
*Beverly B. Hayes, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.