## 56990. SMITH v. THE STATE.

BIRDSONG, Judge.

Appellant Smith was tried along with two co-accuseds for forgery in the first degree, convicted and sentenced to serve four years. Smith alone brings this appeal, enumerating two alleged errors. *Held:*

1. Smith disputes the denial of a motion for directed verdict of acquittal. The evidence shows that Smith and his two co-defendants drove in a car owned by one of the co-defendants to an electronic sales store. There, one of the co-defendants entered the store and priced a CB radio. Upon obtaining a quoted selling price, the co-defendant stated that he wanted to determine whether his companions, who remained in the car outside, would agree to such a price, inasmuch as they were due some money out of the check that was being offered as payment. The store owner observed the three men talking together. The same co-defendant then returned to the store and offered what the evidence clearly showed to have been a lost or stolen check which had been unlawfully endorsed in the payee's name. Because of the obvious signs of tampering, the salesman questioned the check. The co-defendant then reclaimed the check and left. The car

bearing the three men was identified and shortly thereafter was stopped by the police. Appellant Smith and his two companions were still in the car. Each man admitted being present at the electronics store and admitted that he was aware that a check was possessed by one of the three and was to be used to purchase a CB radio. Further evidence was offered that the three men discussed prior to going to price the CB radio that they wanted to "bust" or cash a check. Thus, there was some evidence that all three men were aware of the existence of a check, that they wanted to cash it, and that upon being questioned as to the authenticity of the check, left the scene under questionable circumstances. Such evidence raises the probability of a joint scheme to defraud. In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the "any evidence" test. *Lee v. State,* 237 Ga. 626, 627 (229 SE2d 404); *Mitchell v. State,* 236 Ga. 251, 257 (223 SE2d 650); *Bethay v. State,* 235 Ga. 371 (219 SE2d 743). The evidence before the trial court satisfied that test. There was no error in denying the motion.

2. In his second enumeration of error, Smith complains that the trial court erred in allowing a confession by one of the co-defendants to be read to the jury. The evidence shows that the names of the other two co-defendants were deleted and that as changed, the statement did not specify what part any co-actor had taken in the enterprise. The same state's witness testified to what each of the co-defendants had admitted, i.e., that he had been present and knew that a check was presented for the purchase of a CB radio. The confession showed no more than that which other evidence had already established, i.e., the existence of a common criminal enterprise to present the forged check. Under the circumstances, we are satisfied that the procedure followed was legally correct and procedurally harmless. See *Way v. State,* 239 Ga. 316, 317 (236 SE2d 655); *Munsford v. State,* 235 Ga. 38 (218 SE2d 792). See also *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53). This enumeration is without merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED JANUARY 15, 1979 — DECIDED FEBRUARY 9, 1979.

*Bennett, Wisenbaker & Bennett, Barry R. Chapman,* for appellant.
*H. Lamar Cole, District Attorney, Richard Shelton, Assistant District Attorney,* for appellee.