## 34513. MUHAMMAD v. THE STATE.

MARSHALL, Justice.

The appellant, Mujahid Jerabbabl Muhammad, a/k/a Nicky Lee Goar, was convicted of murdering Fulton County Marshal Larry Folds and committing an aggravated assault upon Deputy Fulton County Marshal James Broadwell. He received a life sentence for the murder conviction and a 10-year sentence for the aggravated assault conviction. These offenses were committed by the appellant while officers from the Fulton County Marshal's office and members of the SWAT team of the Atlanta Police Department were attempting to evict the appellant and Mahamium Jashua, a/k/a Lee Anderson, from their residence at 1483 Westwood Avenue, S. W., Atlanta, Georgia.

Trouble was anticipated in evicting the appellant and Anderson, and the SWAT team was posted in the vicinity of the house in case the Fulton County Marshal's office needed assistance. Deputy Fulton County Marshals Broadwell and Aubrey Lockridge went to the door of the house to serve the appellant and Anderson with notice that they were being evicted. Anderson met them at the door, but he refused to leave. As Anderson was closing the door, Broadwell reached inside and attempted to restrain him. Almost immediately thereafter, several gunshots

were fired from inside of the house toward the doorway. One of these gunshots hit Broadwell in the abdomen, wounding him. In the ensuing exchange of gunfire, Anderson was shot and killed, also. As law enforcement officials moved to surround the house, Fulton County Marshal Folds was fatally shot in the chest by a gunshot fired from the interior of the house.

The house was later tear-gassed, and the appellant surrendered, handing over to the police a .357 magnum. Police searched the premises for other persons and weapons. No other persons were found, but the police did find a .38 revolver and a shotgun on the premises.

Expert witnesses testifying on behalf of the state testified that an unusually large amount of gunshot residue was found on the appellant's hands, which is caused by a higher caliber gun, such as a .357 magnum. Another expert witness testifying on behalf of the state testified that Fulton County Marshal Folds had been shot by a .357 magnum.

The police testified that the appellant had told them that he and Anderson were the only people in the house. The police also testified that the appellant had admitted shooting Marshal Folds, stating, "They grabbed my leader and I shot."

However, at trial, the appellant denied making these statements to the police. At trial, the appellant testified that there had been a third person in the house, a Brother Rashid, and the appellant claimed that he had remained in the attic and that Brother Rashid had done the shooting.

On appeal, the appellant enumerates four alleged errors.

1. In Enumeration of error 1, he argues that the trial judge erred in refusing to instruct the jury, upon request, that, "If you find from the evidence presented in this case that the defendant . . . was merely present at the scene of the crime and did nothing, you should acquit the defendant."

It is, of course, true that mere proof of the accused's presence at the scene of the crime, without any evidence to show further participation in the commission of the crime, is insufficient to authorize a conviction. See, e.g., *O'Neal v.*

*State,* 239 Ga. 532 (238 SE2d 73) (1977); *Reese v. State,* 157 Ga. 766 (122 SE 195) (1924); *Thornton v. State,* 119 Ga. 437 (46 SE 640) (1903); *Johnson v. State,* 143 Ga. App. 160 (237 SE2d 605) (1977); *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157) (1975); *Greeson v. State,* 90 Ga. App. 57 (81 SE2d 839) (1954); *Butler v. State,* 11 Ga. App. 815 (76 SE 368) (1912). However, in the present case, the state's evidence showed more than the mere presence of the appellant at the scene of the crime. The evidence that was presented, although it was circumstantial, clearly authorized the jury in finding that the appellant had fired the gunshots wounding Broadwell and killing Folds.

The appellant argues that "mere presence" was his sole defense. Citing cases which hold that the trial court errs in failing to instruct the jury on the sole defense of the accused, even in the absence of a request, the appellant argues that the trial court erred in refusing to charge the jury on "mere presence" in this case.

Mere presence at the scene of the crime is not a recognized defense to a criminal charge. Rather, the rule that mere presence without more is insufficient to convict is really a corollary to the requirement that the state prove each element of the offense charged.

In the present case, the trial court correctly instructed the jury on the duty of the state to prove each and every element of the crime beyond a reasonable doubt. The trial court further instructed the jury that to warrant a conviction on circumstantial evidence, the proved facts must exclude every reasonable hypothesis save that of guilt. In addition, the trial court instructed the jury that if all the evidence and circumstances of the case and all reasonable deductions therefrom present two theories, one of innocence and one of guilt, the jury must acquit.

The foregoing jury charges were full and fair and, in view of them, the trial court's refusal to instruct the jury on the "mere presence" of the accused at the scene of the crime did not constitute reversible error under the facts of this case.

2. In Enumeration of error 2, the appellant argues that the trial court erred in overruling his motion for a directed verdict of acquittal on the ground that the

evidence was insufficient to support a verdict. It is only where the evidence demands a verdict of not guilty that it is error for the trial court to refuse to grant a motion for a directed verdict of acquittal. *Rolland v. State,* 235 Ga. 808 (221 SE2d 582) (1976). The evidence here did not demand a verdict of not guilty. Therefore, the trial court did not err in refusing to grant the directed verdict of acquittal.

3. Citing *Patton v. State,* 117 Ga. 230 (43 SE 533) (1903), the appellant requested that the trial judge instruct the jury that, " . . . a verdict of not guilty must be given if the identification of the accused was vague, doubtful, and uncertain." The trial judge refused to give this charge, and the appellant enumerates this as error in Enumeration of error 3.

In the present case, the appellant has not argued that he was incorrectly identified by any of the witnesses at trial, and it was, therefore, unnecessary at trial to present evidence such as the appellant's appearance, size, tone of voice, which is normally used to identify someone whose identity is in dispute. See Agnor's Ga. Evidence, § 9-10. In view of this, we hold that the trial court's refusal to give the requested charge provides no ground for reversal. Cf., *Young v. State,* 226 Ga. 553 (7) (176 SE2d 52) (1970).

4. In the fourth and final enumeration of error, the appellant argues that the trial court erred in refusing to declare a mistrial after the jury announced that it was hopelessly deadlocked and after the so-called "Allen charge" had been given. We have reviewed the transcript, and we do not find that the trial judge abused his discretion in refusing to declare a mistrial.

Additionally, the appellant argues that the trial judge committed "fatal error" when he asked the jury how it stood numerically, after the jury indicated that it was unable to agree on a verdict. The jury foreman responded: 10 to 2. The trial judge did not ask the jury to indicate which number favored a conviction or which number favored an acquittal.

A trial court may, after the jury has had a case under consideration and indicates that it is unable to agree on a verdict, inquire how the jury stands numerically. *Hess v. State,* 146 Ga. App. 874 (3) (247 SE2d 546) (1978); *Wilson v. State,* 145 Ga. App. 315 (4 b) (244 SE2d 355) (1978);

*Huffaker v. State,* 119 Ga. App. 742 (2) (168 SE2d 895) (1969). Brasfield v. United States, 272 U. S. 448 (47 SC 135, 71 LE 345) (1926), which holds that it is per se reversible error for the trial judge to ask a jury that is unable to agree the extent of its division numerically, was decided by the United States Supreme Court in the exercise of its supervisory jurisdiction over federal courts and not as a matter of constitutional law. *Wilson v. State,* 145 Ga. App. 324-325, supra.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 19, 1979 — DECIDED APRIL 4, 1979.

*Randy Bacote,* for appellant.

*Lewis R. Slaton, District Attorney, Victor Alexander, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.