## 60085. SMITH v. THE STATE.

CARLEY, Judge.

Appellant was tried jointly with the defendant in the case of *Mathis v. State,* 155 Ga. App. 655, and the facts relevant to this appeal are set forth in our opinion in *Mathis.*

1. In his first enumeration of error, appellant contends that the trial court erred in denying his motion for a continuance based upon the absence of an essential defense witness.

Code Ann. § 81-1410 sets out eight statutory requirements each

of which must be shown by the moving party in order for a continuance to be granted because of the absence of a witness. *Fouts v. State,* 240 Ga. 39, 43 (239 SE2d 366) (1977). "A motion to continue is addressed to the sound discretion of the trial judge, and this court will not interfere unless it is clearly shown that he has abused his discretion. [Cit.] Where the moving party fails to make a proper showing of the requirements set forth in Code Ann. § 81-1410, the denial of a continuance motion cannot be said to be an abuse of discretion. [Cit.]" *Harris v. State,* 142 Ga. App. 37, 39 (234 SE2d 798) (1977). The record in the instant case reveals that the majority of the requirements of § 81-1410 were not met. Accordingly, the trial court did not err in denying the motion for a continuance. *Harrison v. State,* 140 Ga. App. 296 (3) (231 SE2d 809) (1976).

2. In his second enumeration of error, appellant contends the trial court erred in denying his motion for severance on the ground that the defenses of the two defendants were antagonistic. Without a clear showing of prejudice and harm by movant, the mere fact that co-defendant's defenses are antagonistic is not sufficient in itself to warrant separate trials. *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975); *Reaves v. State,* 146 Ga. App. 409 (2) (246 SE2d 427) (1978); *Birge v. State,* 143 Ga. App. 632 (3) (239 SE2d 395) (1977); *Everett v. State,* 238 Ga. 80 (230 SE2d 882) (1976). Furthermore, the grant or denial of a motion to sever will only be reversed in the event of an abuse of discretion by the trial court. *Baker v. State,* 238 Ga. 389 (2) (233 SE2d 347) (1977). We find no abuse of discretion here for two reasons: First, the record is void of any clear showing of prejudice amounting to a denial of due process. *Aaron v. State,* 145 Ga. App. 349 (243 SE2d 714) (1978). "The burden was on the appellant [Smith] to do more than raise the possibility that a separate trial would give him a better chance of acquittal. [Cit.]" *Kates v. State,* 152 Ga. App. 29, 34 (262 SE2d 221) (1979). Secondly, the motion was not made until all the evidence had been presented and immediately prior to the beginning of closing argument. Under these circumstances we hold that appellant waived any right he might have to a severance by virtue of the untimeliness of the motion. *Trowbridge v. State,* 74 Ga. 431 (3) (1885).

3. In enumeration of error 3, appellant urges that the trial court erred in overruling his motion for a directed verdict of acquittal as to Counts 1 and 2 of the indictment on the ground that the evidence was insufficient to support a verdict. The refusal of a trial court to direct a verdict of acquittal is error only where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, demands a verdict of acquittal. Code Ann. § 27-1802 (a); *Muhammad v. State,* 243 Ga. 404 (2) (254

SE2d 356) (1979). In reviewing the denial of a motion for directed verdict, the proper standard to be utilized by the appellate court is the "any evidence" test. *Sims v. State,* 242 Ga. 256 (248 SE2d 651) (1978); *Haas v. State,* 146 Ga. App. 729, 730 (247 SE2d 507) (1978). While it is true that appellant did not walk into either the grocery store or the florist and actually pass or attempt to pass the checks as charged in Counts 1 and 2 of the indictment, he was driving the car and there was sufficient evidence to raise the probability of a joint scheme to defraud. See *Smith v. State,* 149 Ga. App. 23 (1) (253 SE2d 423) (1979); *Moye v. State,* 129 Ga. App. 52 (2) (198 SE2d 514) (1973). The evidence introduced did not demand a verdict of not guilty and, therefore, the trial court did not err in refusing to grant a directed verdict of acquittal.

4. In his fourth and final enumeration of error, appellant urges that the trial court erred in denying his motion to dismiss on the grounds that the indictment was defective as it alleged that all the offenses occurred on March 23, 1979, when the evidence introduced at trial fixed the date as March 28, 1979. The variance was not fatal and the trial court did not err in denying appellant's motion. See *Mathis v. State,* supra, (3).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Submitted June 17, 1980 — Decided September 9, 1980.

*Joe K. Hughen,* for appellant.
*William F. Lee, Jr., District Attorney,* for appellee.