61827. JACKSON et al. v. THE STATE.

SHULMAN, Presiding Judge.

Appellants were indicted and convicted of the offense of burglary. They appeal the denial of their amended motion for a new trial. Finding no error, we affirm.

A jury found appellants guilty of the burglary of a home from which various pieces of silver were taken. Within hours of the burglary, appellants sold some of the missing silver to a coin shop, the owner of which became suspicious and stopped payment on the check given for the silver. Having been refused payment at the bank, appellants returned to the coin shop where they were placed under arrest. A subsequent search of appellants' home revealed a gym bag also taken from the burglarized home. The victims identified the silver recovered from the coin shop and the gym bag as their property. Fingerprints taken from the silver and from the burglarized home were illegible.

At trial, appellants claimed they had found the gym bag containing the silver under bushes in a field behind their home after having spent the day cleaning the backyard. Appellants' mother testified that she watched the two clean the yard from 1:00 p.m. to 4:00 p.m.; a neighbor said they were in the yard from 10:30 a.m. until noon and then were in the house watching television until 4:00 p.m.

1. Appellants first maintain that the evidence presented at trial was not sufficient to convict them of burglary. The state based its case against appellants on their recent possession of the stolen goods. Where a burglary is proven, recent unexplained possession of stolen

goods by the defendant creates an inference sufficient to convict even without proof or circumstantial evidence that the defendant committed the burglary. See *Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251); *Selph v. State,* 142 Ga. App. 26 (234 SE2d 831). To convict a defendant of burglary based upon recent possession of stolen goods, the state must show that the goods were stolen in a burglary and there must be an absence of or an unsatisfactory explanation of that possession. *Allen v. State,* 146 Ga. App. 815 (1) (247 SE2d 540). Under the evidence in this case, it was up to the jury to determine whether the defendants' explanation of the possession was a satisfactory one. *James v. State,* 150 Ga. App. 357 (1) (258 SE2d 40). The verdict reflects the jury's dissatisfaction with appellants' explanation, and the evidence is sufficient to support the verdict. Id., p. 358.

2. Appellants also contend that the trial court erred when it failed to grant them a new trial on the ground that the prosecutor had improperly placed the character of appellant Jackson into evidence. After Jackson had testified on direct examination that he did not know where 1101 North Harding Street (the site of the burglary) was, the prosecutor asked if he had ever been on the street. After a negative response, the prosecutor asked Jackson if he knew Catherine Rackley. Over defense counsel's objection, Jackson responded that he knew the woman and, while he did not know on which street she lived, he knew how to get to her house. The line of questioning ended there. Out of the presence of the jury, the prosecutor explained that the woman lived on North Harding Street and that appellants had previouisly pled guilty to the burglary of her home. There was no mention in the presence of the jury of the prior burglary or appellants' pleas of guilty.

"A witness may be impeached by disproving the facts testified to by him." Code Ann. § 38-1802. After Jackson testified on cross examination that he had never been on North Harding Street, the prosecutor could have impeached him by showing that he had been on the street before. See *Gamble v. State,* 141 Ga. App. 304 (3) (233 SE2d 264). The fact that the prosecutor was thwarted in his impeachment efforts by Jackson's admission that he knew the woman named and how to get to her house but did not know the name of the street on which she lived does not render the impeachment effort reversible error.

3. Appellants tangentially argue that the prosecutor's attempt to impeach appellant Jackson was done without laying the foundation required by Code Ann. § 38-1803. No objection based on this ground was made at trial. Having failed to object properly below, appellants cannot raise the issue for the first time on appeal. *Cale v. Cale,* 242 Ga. 600, 601 (250 SE2d 467).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JULY 14, 1981.

*Walter W. Kelley, John W. Knight,* for appellants.
*Hobart Hind, District Attorney, William R. Wilburn, Assistant District Attorney,* for appellee.