## 62484. GAITHER v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for violation of the Georgia Controlled Substances Act by selling cocaine. *Held:*

1. Defendant asserts that the trial court erred in failing to grant his motion for a directed verdict because the evidence was insufficient to establish his guilt.

A verdict may be directed where there is no conflict in the evidence and the evidence, with all reasonable deductions and inferences, demands a verdict of acquittal. Code Ann. § 27-1802 (Ga. L. 1971, pp. 460, 461).

The evidence indicating defendant's guilt was that Ford, a co-defendant, telephonically agreed with a confidential informant to sell cocaine. Ford indicated that he did not have the drug with him and had to contact another person. The undercover officers and the informant then met Ford at his place of employment and, per Ford's directions, followed Ford in their car from Fulton to DeKalb County. There, Ford directed the following officers and the informant to park in a vacant lot and wait. Ford then drove off out of their sight. Other police officers had Ford under surveillance and observed him park nearby in front of a house owned by defendant's mother and occupied by defendant's sister, and enter the building. They did not observe Ford or defendant come out. Shortly thereafter Ford and defendant came walking up to the car where the undercover officers and the informant were waiting. With defendant watching, Ford gave a package of cocaine to the undercover officers and received payment therefor. One officer testified that when the transaction was completed defendant stated "if we wanted to get some more (heroin or cocaine) to let him know, let Ford know so he could get it together." Another officer testified that defendant said "if we wanted some more (heroin or cocaine), he could get it, but we have to give him enough time . . . to get it together . . . I'm not sure of the exact quotation but something to that effect." Defendant and Ford then walked away together in the direction from which they had come. Defendant produced evidence raising the defense of alibi.

From this evidence the jury was authorized to find that

defendant was not a mere spectator but a participant in the crime.

"In reviewing the denial of a motion for directed verdict, the proper standard to be utilized by the appellate court is the 'any evidence' test. [Cits.]" *Smith v. State,* 155 Ga. App. 657 (3), 659 (272 SE2d 522).

The evidence was in conflict and did not demand a verdict of acquittal since there was not only some evidence of guilt but also evidence sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Therefore, the trial court did not err in denying the motion for a directed verdict.

2. Error is enumerated because the prosecution played a tape recording of a conversation between co-defendant Ford and the confidential informant. It is argued that a proper foundation for playing the recording was not laid and that the recording was obtained in violation of Code Ann. § 26-3001, et seq. Defendant did not object to the playing of the recording and co-defendant Ford's objection of no foundation was properly overruled as the evidence shows that the foundation required by *Solomon, Inc. v. Edgar,* 92 Ga. App. 207 (3) (88 SE2d 167), was met.

This enumeration is without merit as objections to the admission of evidence may not be raised for the first time on appeal. *McAllister v. State,* 231 Ga. 368 (1) (202 SE2d 54).

3. It is contended that the trial court erred by failing to charge on circumstantial evidence. Defendant neither requested such a charge nor objected to its omission.

In a case composed solely of circumstantial evidence it is error for a trial court to fail to charge on circumstantial evidence even without request. *Williams v. State,* 239 Ga. 12 (2) (235 SE2d 504).

However, the evidence against defendant was not wholly circumstantial. The state's evidence was that defendant came to the drug transaction with Ford, and observed while Ford made the sale. Defendant then told the officers that if they wanted any more drugs to "let him know, let Ford know so he could get it together;" or, "he could get it but we have to give him enough time . . . to get it together," or words to that effect.

This constituted direct evidence of defendant's conduct from which the jury was authorized to find that he was a participant in the crime.

Accordingly, absent a request the trial court did not err by omitting to charge on circumstantial evidence. *Johnson v. State,* 235 Ga. 486 (3) (220 SE2d 448).

4. Defendant claims error because of the denial of his motion for severance of his trial from that of his co-indictee Ford.

Whether joint defendants are to be tried jointly or severally for

noncapital felonies is a matter within the discretion of the trial court. Code Ann. § 27-2101 (Cobb, 841; Ga. L. 1855-6 p. 226 through 1972, pp. 618, 619); *Mathis v. State,* 231 Ga. 401 (1) (202 SE2d 73).

"[T]o hold that a denial of the motion [to sever] was an abuse of discretion it must appear that the defendant suffered prejudice amounting to a denial of due process." *Aaron v. State,* 145 Ga. App. 349 (1) (243 SE2d 714).

Defendant argues prejudice in that if severance had been granted he could have called his co-defendant Ford as a witness to exculpate him which he could not do if they were tried together because Ford could assert his right against self-incrimination and refuse to testify. However, either as a witness in their joint trial or in defendant's separate trial Ford could have claimed self-incrimination and refused to testify. Ford did testify in his own behalf and denied commission of the offense, denied any personal knowledge of defendant prior to the trial, and raised the defense of alibi. Defendant had the right and opportunity to cross examine Ford but did not exercise it. Moreover, the defenses of the co-defendants were not antagonistic and the evidence pertaining only to Ford's conduct did not in any way inculpate defendant by name. Under these circumstances we find no denial of due process to defendant and no abuse of discretion in denying the motion for severance.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 10, 1981 —
REHEARING DENIED DECEMBER 10, 1981 —

*John F. Daugherty,* for appellant.
*Bob Wilson, District Attorney, Ann Poe Mitchell, Assistant District Attorney,* for appellee.