## 63282. JACKSON v. THE STATE.

BIRDSONG, Judge.

Benjamin Morris Jackson appeals the jury verdict convicting him of burglary, possession of burglary tools, and aggravated assault. *Held:*

1. Appellant's enumeration based on the general grounds is without merit. The evidence shows without dispute that appellant was with Frederick Sistaire and apparently remained in Sistaire's car while Sistaire burglarized an apartment. Police Officer G. C. Pitts, responding promptly to a call from a witness, gave chase to the burglary vehicle; on seeing the police car and flashing blue lights, appellant told Sistaire: "God, man, step on it." After a harrowing high speed chase for several miles down I-85, during which the Sistaire vehicle attempted to run Officer Pitts' vehicle into the retaining wall, the Sistaire vehicle stopped and he and appellant fled. Officer Pitts testified that during the chase he clearly saw the appellant, who was in the passenger seat, turn and point a blue steel revolver in his direction and make motions as if attempting to fire (the blue steel revolver stolen in the burglary did not have bullets in it). Officer Pitts

identified Jackson in custody and at trial. A long-handled screwdriver (which the officer testified would have made the indentations found in the victim's apartment door) was found in Sistaire's car between the center console and passenger's seat. A reasonable trier of fact could rationally have found from this evidence proof of guilt beyond a reasonable doubt. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). The jury, which is the arbiter of the facts, heard and considered the evidence offered by appellant in his defense and was still convinced of his guilt beyond a reasonable doubt. The verdict was not contrary to the evidence or the law.

2. The trial court did not err in denying appellant's motion for directed verdict as to the count for possession of tools for the commission of a crime. Appellant contends that, in the face of his contentions that the car belonged to Sistaire who had only picked up the appellant about an hour earlier and that he did not know the screwdriver was in the car, the state failed to show he actually possessed the screwdriver or was the only one who could have put it under the seat. But the state's evidence in this case was sufficient to find appellant guilty of the burglary beyond a reasonable doubt, and the jury obviously concluded that he was. Viewing all the evidence, especially including evidence that the screwdriver was found next to the passenger seat, most favorably to the prosecution, a rational trier of fact could find the essential elements of possession of burglary tools beyond a reasonable doubt. *Lee v. State,* 247 Ga. 411, 412 (276 SE2d 590). The fact that Frederick Sistaire had equal access to the place where the screwdriver was found, merely means there can be no presumption of possession by the appellant (*Farmer v. State,* 152 Ga. App. 792 (264 SE2d 235)); it does not serve to destroy or negate the other evidence in the case from which possession can be found. This enumeration of error is without merit.

3. Finally, there is no merit in the appellant's contention the trial court committed reversible error in failing to charge on "knowledgeable possession." (See *Tift v. State,* 133 Ga. App. 455, 457 (211 SE2d 409)). The jury was charged the "mere presence" rule and charged that "a person commits possession of tools for the commission of a crime when he ... has in his ... possession any tool ... or other device commonly used in the commission of burglary . . . or other crime with the intent to make use thereof in the commission of the crime." This charge, requiring intent to make use of the tool as a basis of guilt, precludes any inference that the appellant could be found guilty of possession of the tool without knowledge of it. Moreover, the jury found, upon sufficient evidence, that appellant was involved in the burglary and while fleeing therefrom did commit

aggravated assault on Officer Pitts; appellant cannot contend he was reversibly harmed by any failure to charge "knowledgeable" possession since the jury obviously concluded from all the evidence that appellant was in "knowledgeable" possession. Appellant made no request to charge on this theory, and made no specific objection to failure to charge it or to the charge as given. While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207), this does not relieve him from the necessity of requesting instructions except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. *Spear v. State,* 230 Ga. 74, 75 (195 SE2d 397); *Sanders v. State,* 138 Ga. App. 774, 776 (227 SE2d 504). In this case, in the absence of an appropriate request to charge, appellant has no standing to assign such an enumeration.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MARCH 15, 1982.

*Lawrence Lee Washburn III,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.