## 63425. JAMES v. THE STATE.

SOGNIER, Judge.

Burglary. On appeal, James contends the trial court erred (1) by denying his motion for directed verdict of acquittal and (2) by failing to correct a misleading charge on alibi.

1. About 4:00 a.m., May 19, 1981, a police officer discovered that the Meriwether County concrete plant in Manchester, Georgia had been burglarized. The payroll record, 56 payroll checks and a deposit book were missing from a desk in the office. Later the same day one of the checks was cashed by appellant's co-defendant after appellant filled out the front of the check, and an attempt was made to cash a second check. A handwriting expert testified that the writing on the front of one of the two checks was that of appellant, and the endorsement on the back of the same check was the handwriting of appellant's co-defendant, Joseph Clay. Clay was identified as one of two men who attempted to cash one of the checks at a bank in Thomaston. Appellant made a written statement to a GBI agent admitting that he filled out two of the stolen checks and Clay cashed one of them. Appellant and Clay divided the money, but both of them denied committing the burglary.

A trial court's refusal to direct a verdict of acquittal is error only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law. Code § 27-1802 (a); *Muhammad v. State,* 243 Ga. 404 (2) (254 SE2d 356) (1979). "In reviewing the denial of a motion for directed verdict . . . the proper standard to be utilized by the appellate court is the 'any evidence' test." *Sims v. State,* 242 Ga. 256, 258 (248 SE2d 651) (1978); *Smith v. State,* 155 Ga. App. 657, 659 (3) (272 SE2d 522) (1980). Although evidence connecting appellant with the actual burglary was circumstantial, we have held that "[w]here a burglary is proven, recent unexplained possession of stolen goods by the defendant creates an inference sufficient to convict even without proof or circumstantial evidence that the defendant committed the burglary . . . it was up to the jury to determine whether the defendant's explanation of the possession was a satisfactory one. [Cit.]" *Jackson v. State,* 159 Ga. App. 287, 288 (1) (283 SE2d 353) (1981). As the evidence did not demand a verdict as a matter of law the trial court did not err in denying appellant's motion.

2. The trial court charged the jury on alibi, in part, as follows: "[O]ne of the defendants in this case contends that he was not present at the scene of the offense at the time of its commission." Appellant contends this was misleading, as the jury might believe appellant did not deny being at the scene of the crime when, in fact,

he denied being present or taking part in the burglary.

The co-defendant, Clay, offered testimony as to alibi tending to show the impossibility of his presence at the scene when the crime was committed. Thus, Clay was entitled to a charge on alibi and the charge would not be misleading as to appellant unless he likewise was entitled to such a charge. Appellant pleaded not guilty, thereby placing in issue every material allegation in the indictment. *Bradley v. State,* 135 Ga. App. 865, 869 (4) (219 SE2d 451) (1975). Nevertheless, such a plea does not require a charge on alibi unless the defendant offers evidence of impossibility of his presence at the scene at the time of commission of the offense charged, since impossibility of presence is the gist of the defense of alibi. Code § 38-122; *Williams v. State,* 123 Ga. 138 (3) (51 SE 322) (1905). Since appellant presented no evidence to show the impossibility of his presence at the scene, the trial court did not mislead the jury by failing to include appellant in its instruction on alibi. See *Whitt v. State,* 157 Ga. App. 10, 11 (4) (276 SE2d 64) (1981).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 2, 1982.

*Ben R. Freeman,* for appellant.

*Arthur E. Mallory III, District Attorney, Robert S. Ogletree, Assistant District Attorney,* for appellee.