### 64546. WALKER v. THE STATE.

Birdsong, Judge.

Horace Walker appeals his conviction of vehicular homicide in the second degree (Code Ann. § 68A-903 (b)). We affirm.

The evidence presented at trial established that appellant was traveling home from work, headed south on Highway 29 in the rain, when he crested a hill and observed a stopped automobile about 700 feet ahead with its left-turn blinker signal on. Appellant was unable to brake in time to avoid a collision and the impact caused the victim's car to be thrown into the path of a truck traveling north. The victim sustained a crushed chest, a large contusion in the abdomen and pelvic area, and died the same day. Appellant testified that he was going between 45 and 50 m. p. h. when he saw the stopped car and applied his brakes, but the brakes locked and he skidded into the victim's car. The truck driver and the state trooper who investigated the collision indicated that appellant's speed was probably "excessive."

At the conclusion of the state's evidence, appellant moved for directed verdict on the ground that the state had failed to prove the elements of the offense, in particular that the collision was the sole and proximate cause of the victim's death or that the appellant had committed any criminal act, omission or negligence. He appeals from the denial of his subsequent motion in arrest of judgment based on the motion for directed verdict, and the verdict and judgment of guilty. Held:

1. A person commits homicide by vehicle in the second degree when he unintentionally causes the death of another person by violation of the Uniform Rules of the Road (Code Ann. Title 68A). Code Ann. § 68A-903 (b). Appellant was cited for violating Code Ann. § 68A-801, driving too fast for conditions. The truck driver who witnessed the collision stated that "just before [appellant's car] got up on the [victim's] car," he saw the front end "go down real fast" as if appellant had suddenly applied brakes. "That's when it hit the other car. The other car just bounced up in the air and shot around in front

of me." The investigating officer testified that because of the extensive damage to both vehicles and the distance that appellant's car traveled after the impact, in his opinion "there was an excessive amount of speed involved in the accident." This evidence was sufficient to support a finding that appellant was in violation of Code Ann. § 68A-801. Even if the jury believed that appellant was driving only 45 to 50 m. p. h., as he contended, it could still find this speed not to be reasonable or prudent under the rainy and other conditions. See *Cohran v. Douglasville Concrete Products,* 153 Ga. App. 8 (2) (264 SE2d 507).

Nor are we persuaded by appellant's argument that the state failed to prove the collision was the proximate cause of the victim's death. The evidence showed the victim was living and driving his car just prior to the collision and died the same day after having sustained extensive injuries therein. The evidence supports a finding that the victim's vehicle was pushed into the path of the truck by the force of the impact caused by appellant's colliding vehicle, and that the fatal injuries occurred as a result of the combined collisions. "The mere fact that there was no specific testimony that the 'extensive' injuries suffered in the collision were the proximate cause of the victim's death 'would not prevent the jury, after hearing a description of the wound which had been inflicted, from determining for themselves whether or not the wound was the cause of death. . . .' " *Beaman v. State,* 161 Ga. App. 129 (1) (291 SE2d 244). Accord, *Loveless v. State,* 158 Ga. App. 535 (281 SE2d 311); *Mason v. State,* 156 Ga. App. 11 (274 SE2d 23).

2. " 'In reviewing the denial of a motion for directed verdict, the proper standard to be utilized by the appellate court is the "any evidence" test. (Cits.)' " *Baxter v. State,* 160 Ga. App. 181, 184 (1) (286 SE2d 460). "The evidence was in conflict and did not demand a verdict of acquittal since there was not only some evidence of guilt but also evidence sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Therefore, the trial court did not err in denying the motion for a directed verdict." *Gaither v. State,* 160 Ga. App. 705, 706 (1) (288 SE2d 18).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 28, 1982.

*Michael G. Kam,* for appellant.
*Clifford A. Cranford, Solicitor,* for appellee.