## 65085. WILLIAMS v. THE STATE.

QUILLIAN, Presiding Judge.

Harvey Williams, the defendant, appeals his conviction of kidnapping and aggravated assault with intent to rape. *Held:*

1. The defendant contends the trial court erred in denying his Motion for Directed Verdict of Acquittal on the charge of aggravated assault with intent to commit rape "on the ground that there was insufficient evidence to support said count." At the close of the State's case the defendant moved for a directed verdict and argued that he did not "believe that there's been evidence of any kind or any hint of any rape." The motion was denied.

"The refusal of a trial court to direct a verdict of acquittal is error only where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, demands a verdict of acquittal. Code Ann. § 27-1802 (a); *Muhammad v. State,* 243 Ga. 404 (2) (254 SE2d 356) (1979). In reviewing the denial of a motion for directed verdict, the proper standard to be utilized by the appellate court is the 'any evidence' test. *Sims v. State,* 242 Ga. 256 (248 SE2d 651) (1978)." *Smith v. State,* 155 Ga. App. 657 (3) (272 SE2d 522).

The testimony of the victim shows that she left work at about 5:30 p.m. and went to her parked car, started it, and let the engine warm up. She saw a black man approach her car and he asked if she was having car trouble. She partially opened the door and said it would be all right. He jerked the car door open and pushed her across the front seat to the passenger side of the car and held her head down on the seat. She said the defendant "started to put my head in his lap and I wouldn't and I just lay there. And so then he asked me to raise my skirt up and I didn't do anything . . . when I wouldn't cooperate or anything he said that he was going to take me some place anyway, you know . . ." She was struck about the head and face with his fist "so I just acted like I was unconscious . . ." Shortly after that as the man was driving on Bay Street in Savannah, the victim grabbed the steering wheel and caused the car to run up on the curb and then she started screaming and the man left the car and ran.

Thus, as the evidence introduced did not demand a verdict of not guilty, and there was some evidence which would support the finding of the jury (see *Brittain v. State,* 41 Ga. App. 577 (2) (153 SE 622); *Davis v. State,* 46 Ga. App. 732 (1) (169 SE 203); *Gragg v. State,* 74 Ga. App. 719 (41 SE2d 274)), the trial court did not err in denying defendant's motion for directed verdict. *Smith v. State,* 155 Ga. App. 657 (3), supra; see also: *Burnett v. State,* 137 Ga. App. 183 (223 SE2d 232); *Goolsby v. State,* 146 Ga. App. 17 (1) (245 SE2d 354); *Webb v.*

*State,* 154 Ga. App. 395 (1) (268 SE2d 438); *Middlebrooks v. State,* 156 Ga. App. 319 (1) (274 SE2d 643).

2. During voir dire, defendant's counsel asked a potential juror: "Have you got any fixed opinions in your mind as to whether or not our criminal system works? . . . Do you feel that criminals generally get treated too leniently?" The trial court ruled out the questions on the ground that "the question was too broadly based." " 'The single purpose of voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review.' " *Reynolds v. State,* 231 Ga. 582 (2) (203 SE2d 214). The Supreme Court has "repeatedly upheld the discretion of the trial court to restrict voir dire to questions dealing directly with the specific case, and to prohibit overly broad questions." *Cox v. State,* 248 Ga. 713 (3) (285 SE2d 687); accord: *Hill v. State,* 221 Ga. 65 (8) (142 SE2d 909); *McNeal v. State,* 228 Ga. 633 (3) (187 SE2d 271). We find no abuse of discretion in the trial court excluding these two general questions.

3. It is alleged the trial court erred in "allowing into evidence written reports containing statements provided by the Defendant, as such statements were required to be produced ten (10) days in advance of trial as required by Georgia Code § 27-1302 . . ." The defendant filed a general Brady motion, a Notice to Produce under Code Ann. §§ 38-801 and 38-802, and a Motion for Discovery under Code Ann. §§ 27-1302 and 27-1303.

We have searched the record and transcript and can find "no written reports containing statements provided by the Defendant" being "allowed into evidence," and counsel has directed our attention only to one page of the record which refers to an oral statement purportedly made by the defendant to the victim during the commission of the offense. Apparently the police took a written statement from the victim which included what her assailant is reported to have said: "Shut up, bitch" — several times.

Defendant's claim of error is asserted under Code Ann. § 27-1302, which provides in pertinent part: "(a). The defendant shall be entitled to have a copy of any statement given by him *while in police custody.*" (Emphasis supplied.) Accordingly, we find that a statement made by the defendant to the victim during the commission of the offense is not such a statement as is required to be produced under this Code section.

4. A general demurrer was filed against the count in the indictment charging aggravated assault with intent to rape based on

the ground that "the substantive contentions in said Count improperly set forth said offense . . ." Defendant argues that the indictment charged "Aggravated Assault With Attempt to Rape, instead of the mandatory language involving intention to rape . . ." The indictment actually charged: *"Harvey Williams . . . with the offense of Violate Section 26-1302 Aggravated Assault With Attempt To Rape* for that the Defendant(s), in the County and State aforesaid, on 26th day of March, 1980, did unlawfully make an assault upon the person of [the victim] with the intention then and there to rape said [victim]."

"An indictment is required to set forth the elements of the offense sought to be charged. 'The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' " United States v. Debrow, 346 U. S. 374, 376 (74 SC 113, 98 LE 92) (1953). "As long as the defendant is informed of the charges against him so that he may present his defense at trial and not be surprised by the evidence against him, as well as protect against another prosecution for the same offense, the indictment is sufficient." *Hopper v. Hampton,* 244 Ga. 361, 362 (260 SE2d 73).

Thus, if a defendant is not misled to his prejudice by any imperfection in an indictment an appellate court will not reverse. *State v. Eubanks,* 239 Ga. 483, 484 (238 SE2d 38). Although the indictment was mislabeled as an assault "with attempt to rape" " '[i]t is immaterial what the offense is called, if the averments of the presentment are such as to describe an offense against the laws of the state. It is not the name given to the bill which characterizes it, but the description in the averments of the indictment.' " Id. The description in the indictment followed the language of the statute and fully apprised the defendant of the offense charged. We will note in passing that all defense motions, including the General Demurrer, referred to the offense charged as assault with intent to rape. Hence, as defendant was not misled and the indictment properly alleged the language of the statute, we find no merit to this enumeration.

5. The remaining enumeration of error has been examined and found not to be meritorious.

*Judgment affirmed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 7, 1983.

*Guerry R. Thornton,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.