## 67203. MADDOX v. THE STATE.
## 67205. NORRIS v. THE STATE.

QUILLIAN, Presiding Judge.

Atlanta police Lieutenant Nash was on routine patrol in the Luckie Street area of downtown Atlanta at about 1:30 p.m. on a Saturday afternoon when he saw two young black males run across the street and go over a fence enclosing the premises of an automobile parts firm which, like most other businesses in the area, was not open on a Saturday afternoon. Nash halted his car and ran to a position from which he could observe the two men. He saw them climbing the opposite fence and running to a waiting van, which immediately started up. Nash then summoned officers patrolling nearby. When the van's driver saw the oncoming patrol car occupied by officers Fox and Fouchia, who were responding to Nash's call, he took evasive action, with the result that the van apparently stalled, and rolled to a stop. Officer Fox chased the two men who leaped out and caught one, later identified as appellant Maddox, but the other, identified by appellants as "Johnny Hill," got away. Nothing further is known of the whereabouts or subsequent activities of that person.

In the meanwhile, officer Fouchia attempted to approach the van from the rear but was forced to run for cover behind the patrol car when the van suddenly began to back rapidly down the sidewalk toward him. The van collided with the patrol car and finally came to rest against a wall, at which point a third black male, whom Fouchia recognized as having been at the wheel during the head-on encounter a few moments previous, leaped out and ran. He was apprehended and subsequently identified as appellant Norris. The van was found to have been "hot-wired." The patrol car sustained slightly more than $1,000 in damages.

Norris was indicted on three counts of aggravated assault, criminal interference with government property, and theft by taking. Maddox was charged with theft by taking only. They were tried jointly. At trial the van's owner testified that at 1:00 p.m., when he had closed his business — located four to five miles from the scene of the apprehension, the locked van was parked in its customary place, with the key inside the locked office. He knew neither of the accused and neither had permission to enter or drive the van. A jury found both appellants guilty. They appeal from this judgment, assigning as error the denial of their motions for directed verdicts of acquittal and the court's refusal to give certain jury instruction, and the giving of two instructions. *Held*:

1. The trial court did not err in denying appellant's motions for directed verdicts of acquittal. The statutory standard for application by a trial court to decide a motion for a directed verdict of acquittal

is "[w]here there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal . . . the court may direct the verdict of acquittal . . ." OCGA § 17-9-1 (a). Review of the evidence adduced at trial reveals there was ample evidence sufficient to enable any rational trier of facts to find the existence of the offenses charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Stinson v. State*, 244 Ga. 219 (4) (259 SE2d 471). Thus, it was not error for the trial court to refuse to grant the motions for directed verdicts of acquittal. *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590).

2. Also without merit are appellant's third and fourth enumerations. Contrary to appellants' contentions, the jury instructions on recent possession of stolen goods and on the meaning of actual and constructive possession were not such as either to confuse the jury or to deprive appellants of due process. The court's definitions of actual and constructive possession adequately presented the law on these subjects (see *State v. Lewis*, 249 Ga. 565 (292 SE2d 667)), and the instruction on recent possession, particularly in the context of the court's emphasis on presumption of innocence, could by no means be considered prejudicial to the defendants. This latter instruction authorized the jury to infer guilt, if they saw fit to do so, from recent possession of the stolen property unless the defendants should make a satisfactory explanation of their possession. The explanation offered was that the elusive "Johnny Hill" had come by in the stolen van and offered to take them to buy some beer and then to Georgia Tech to sign up to work at the football game. Such explanation must have been unpersuasive in view of their observed conduct at the closed auto parts firm and subsequent flight. The instruction given was clear and correct and did not shift the burden of proof to the defendants. *Jackson v. State*, 159 Ga. App. 287 (283 SE2d 353); *James v. State*, 162 Ga. App. 490 (292 SE2d 91).

3. Appellants' final enumeration of error is that the court refused to instruct on the legal effect of the accused's presence at the crime scene. "It is, of course, true that mere proof of the accused's presence at the scene of the crime, without any evidence to show further participation in the commission of the crime, is insufficient to authorize a conviction. [Cits.] However, in the present case, the state's evidence showed more than the mere presence of the appellant at the scene of the crime." *Muhammad v. State*, 243 Ga. 404, 405 (254 SE2d 356). In the instant case we have the additional evidence of flight. The instructions were full and fair on the presumption of innocence, burden of proof, and reasonable doubt. The court's charge to the jury must be looked at as a whole, and the record discloses that the instructions as a whole were accurate, impartial, and in no way prejudicial to the

defendants. *Lavender v. State*, 234 Ga. 608 (216 SE2d 855).

Judgment affirmed. *McMurray, C. J., Shulman, P. J., Banke, Birdsong, and Pope, JJ., concur. Deen, P. J., Carley, and Sognier, JJ., concur specially.*

DECIDED MARCH 15, 1984 —
REHEARING DENIED MARCH 29, 1984.

*Derek H. Jones*, for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Paul L. Howard, Jr., Assistant District Attorneys,* for appellee.

DEEN, Presiding Judge, concurring specially.

I believe that, with reference to the appropriate standard for reviewing the denial of a motion for directed verdict, this court should follow *Conger v. State*, 250 Ga. 867 (301 SE2d 878) (1983), rather than *Lee v. State*, 247 Ga. 411 (276 SE2d 590) (1981). The *Conger* case is a later expression of the Georgia Supreme Court than *Lee*, and represents a unanimous decision. By contrast, *Lee*, in addition to being an earlier decision, contains a dissent. Moreover, *Conger*, at 870, employs the words of the controlling statute: "Nor can we agree with the defendant that the trial court erred in failing to direct a verdict of acquittal. We cannot say that there was 'no conflict in the evidence and the evidence . . . demand[ed] a verdict of acquittal.' OCGA § 17-9-1 (formerly Code Ann. § 27-1802)."

The opinion in *Conger* exemplifies the proper application of two distinct standards in two distinct procedural situations. The statutory standard for granting a motion for directed verdict of acquittal authorizes the trial court to direct the verdict "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' . . ." (Clearly, the statute refers to competent and probative evidence and not to irrelevant, immaterial, or self-serving statements or documents proffered in a desperate effort to distract the fact-finder or distort his perspective.)

Upon a thoughtful reading of the statute one can see that the phrase "where there is no conflict in the evidence" can be accurately paraphrased as "where all the evidence is in agreement." The logical corollary is that where there is any piece of evidence which does not agree with — or points to a different conclusion from — the rest of the evidence, then there exists "a conflict in the evidence," and direction of a verdict of acquittal is inappropriate. This is obviously the rationale underlying the development of the traditional "any evidence" standard of review.

In ruling on a motion for a directed verdict of acquittal, the trial court, under the mandate of the cited statutory provision, is looking for a "conflict in the evidence" which would vitiate the movant's assertion that "the evidence with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty.'" In other words, when considering a motion for a directed verdict of acquittal made at the close of the state's evidence (as in the instant case), the trial court is looking for any competent evidence contrary to, or in conflict with, the defendant's assertion that the evidence demands acquittal. At this point in the proceedings the trial court is *not* deciding whether or not, upon presentation of the entire case, the conflicting piece or pieces of evidence would be sufficient to authorize a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Denial of the motion means merely that the court is of the opinion, at that stage in the trial, that the evidence presented does not "demand" a verdict of acquittal. In terms of burden of proof a delicate equilibrium exists at this point: the defendant *as defendant* is still cloaked in the presumption of innocence that protects him from the very beginning of the criminal proceedings, but nevertheless *as movant* he must carry the statutorily imposed burden of showing that acquittal is the only verdict the evidence will allow. When seen in this perspective, the "any evidence" standard, although *on its face* a lesser standard than "beyond a reasonable doubt," is in reality "lesser" with regard to evidence of *innocence* rather than of guilt, and therefore effectively reinforces rather than contradicts the "reasonable doubt" standard, which looks at the evidence from an opposite perspective.

In contrast, after the trial has ended and the defendant has been convicted and has filed an appeal, the appellate court is primarily concerned with whether there is sufficient evidence to sustain the conviction. The court is looking at all the evidence adduced at trial (both before and after the motion for a directed verdict) to determine if there is any evidence that would authorize a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Moreover, when denial of a motion for a directed verdict of acquittal is enumerated as error, the appellate court considers *not only* whether the evidence was sufficient at the time of the trial court's ruling to sustain the denial of the motion, but also whether the evidence taken as a whole would authorize the rational trier of fact *to find the appellant guilty* beyond a reasonable doubt. Thus the safeguards afforded by the Jackson v. Virginia standard of review are preserved and implemented. See, e.g., *Bethay v. State*, 235 Ga. 371 (219 SE2d 743) (1975).

The foregoing analysis makes it clear that the traditional "any evidence" standard for review of denial of a motion for a directed verdict of acquittal is derived from the statute itself and merely states

affirmatively ("any") what is couched in negative terms ("no") in the statute. The "any evidence" standard, while falling far short of the *Jackson v. Virginia* ("rational trier of fact/beyond a reasonable doubt") standard for reviewing a final judgment of "guilty," is in *full* accord with the language and, presumably, the intent, of OCGA § 17-9-1, the statute applicable to the review of an interlocutory ruling on a motion for a directed verdict of acquittal. It could be argued the former "any evidence" standard is a lesser included element or part of the latter greater "rational trier" standard. Because the denial of a motion for a directed verdict of acquittal (an interlocutory ruling) is procedurally distinct and different from the rendition of a verdict of "guilty" (a final judgment), I believe that the two standards are compatible.

For this reason I agree with the majority rather than with Judge Carley's concurring opinion as to the necessity *vel non* of overruling Georgia cases employing the "any evidence" standard which have been decided since Jackson v. Virginia. It should be noted, moreover, that post-Jackson cases utilizing a standard other than that of Jackson for reviewing the denial of a motion for a directed verdict of acquittal do not number just a few; rather, they are so numerous as to constitute a distinct line of authority. The list below does not purport to be exhaustive but is merely suggestive of the large number of Georgia post-Jackson decisions that have employed non-Jackson standards. Listed separately are Georgia post-Jackson cases that utilize the "any evidence" standard, those that apply the statutory standard ("the evidence . . . shall demand"), those that employ the Jackson v. Virginia ("rational trier/reasonable doubt") standard, and those employing some combination of standards for review of the denial of a motion for a directed verdict of acquittal.

### MOTION FOR DIRECTED VERDICT (OCGA § 17-9-1)

A. *Cases Using "Reasonable Trier" Standard*:
*Lee v. State*, 247 Ga. 411, 412 (1981)
*Cleveland v. State*, 155 Ga. App. 267, 268 (1980)
*Jackson v. State*, 161 Ga. App. 650, 651 (1982)
*Hanlon v. State*, 162 Ga. App. 46, 47 (1982)
*Henderson v. State*, 162 Ga. App. 320, 327 (1982)
*Williams v. State*, 162 Ga. App. 350, 352 (1982)
*Adams v. State*, 164 Ga. App. 295, 296 (1982)
*Lewis v. State*, 164 Ga. App. 549, 551 (1982)

B. *Cases Using "Any Evidence" Standard:*
*Baxter v. State*, 160 Ga. App. 181 (1981)
*Gaither v. State*, 160 Ga. App. 705, 706 (1981)
*Castillo v. State*, 166 Ga. App. 817 (1983)

C. *Cases Using Statutory "No Conflict . . . and the Evidence Shall Demand" Standard:*
*Muhammad v. State*, 243 Ga. 404, 407 (1979)
*Smith v. State*, 155 Ga. App. 657, 658 (1980)
*Battle v. State*, 155 Ga. App. 541 (1980)
*James v. State*, 162 Ga. App. 490 (1982)

D. *Cases Using Some Combinations of Standards:*
*Bethay v. State*, 235 Ga. 371 (1975)
*Conger v. State*, 250 Ga. 867 (1983)
*Causey v. State*, 154 Ga. App. 76, 77 (1980)
*Walls v. State*, 161 Ga. App. 625, 627 (1982)
*Walker v. State*, 163 Ga. App. 638, 639 (1982)
*Jarrard v. State*, 163 Ga. App. 99, 100 (1982)
*Williams v. State*, 165 Ga. App. 69 (1983)

CARLEY, Judge, concurring specially.

As recognized by the majority, our Supreme Court has held that appellate review of a denial of a motion for directed verdict of acquittal must also comport with the Jackson v. Virginia standard. *Lee v. State*, 247 Ga. 411, 412 (276 SE2d 590) (1981). However, even after Jackson v. Virginia, this court has continued to apply the "any evidence" test articulated in *Sims v. State*, 242 Ga. 256 (248 SE2d 651) (1978), when reviewing the denial of a motion for directed verdict of acquittal. A list of such cases, which is not intended to be inclusive, includes the following: *Smith v. State*, 155 Ga. App. 657, 658 (3) (272 SE2d 522) (1980); *Baxter v. State*, 160 Ga. App. 181, 184 (1) (286 SE2d 460) (1981); *Gaither v. State*, 160 Ga. App. 705, 706 (288 SE2d 18) (1981); *James v. State*, 162 Ga. App. 490 (292 SE2d 91) (1982); *Walker v. State*, 163 Ga. App. 638, 639 (2) (295 SE2d 574) (1982); *Williams v. State*, 165 Ga. App. 69 (1) (299 SE2d 402) (1983); *Castillo v. State*, 166 Ga. App. 817 (305 SE2d 629) (1983). But see *Williams v. State*, 162 Ga. App. 350, 352 (291 SE2d 425) (1982). There appears to be no reason why the standard applicable to the review of the denial of a motion for a directed verdict of acquittal should be different from that employed in the review of the sufficiency of the evidence to support a conviction entered on a jury verdict of guilty. A motion for a directed verdict of acquittal made before conviction raises the issue of the sufficiency of the evidence to the same extent as does a post-conviction assertion of the general grounds. See *Lee v. State*, supra. *Sims v. State*, supra, remains viable precedent for the proposition that the standard of review for both the denial of a directed verdict of acquittal and the general grounds of a judgment of conviction is the same. However, the holding in *Sims v. State*, supra, that the applicable standard is the "any evidence" test has been superceded by Jackson v. Virginia. *Lee v. State*, supra. The question of whether a di-

rected verdict of acquittal should have been granted is answered by determining "whether the evidence adduced at trial demanded a verdict of 'not guilty.' " *Williams v. State,* 162 Ga. App. at 352, supra. "A trial court *must* grant a motion for directed verdict unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Emphasis supplied) *Lee v. State,* supra, 412. Accordingly, I concur in the judgments of affirmance. However, for the purpose of clarifying the issue for the bench and bar, I would overrule all cases, including but not limited to those cited above, which employ the "any evidence" test in the review of the denial of a motion for a directed verdict of acquittal.

I am authorized to state that Judge Sognier joins in this special concurrence.