## 71131. GOLDEN v. THE STATE.
(336 SE2d 332)

BANKE, Chief Judge.

The appellant, at age 16, was jointly tried with a 15-year-old co-defendant in the Superior Court of Ware County on two counts of murder and one count of automobile theft. He was convicted only of the latter offense, while the co-defendant was convicted of all three counts.

The uncontradicted evidence established that the co-defendant shot and killed both his mother and his grandmother and then left the scene in the company of the appellant, driving a 1974 Buick belonging to the grandmother. Although the co-defendant was operating the vehicle when the two left the scene, there was evidence that the appellant later took the wheel. On appeal, the appellant contends the trial court erred in denying his motion for a directed verdict of acquittal and also in failing to dismiss the motor vehicle theft charge based on lack of jurisdiction. *Held*:

1. The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant was a party to the theft of the automobile. *Miller v. State*, 174 Ga. App. 42 (1) (329 SE2d 252) (1985); *Maddox v. State*, 170 Ga. App. 498 (317 SE2d 617) (1984); also see OCGA § 16-2-20.

2. Though conceding that the superior court had concurrent jurisdiction with the juvenile court over the capital offenses, the appellant contends that, in the absence of a transfer hearing, jurisdiction over the automobile theft charge was exclusively in the juvenile court. This contention is without merit. "[T]he concurrent jurisdiction of the superior court over capital felonies committed by juveniles must necessarily extend to related lesser crimes which are part of the same criminal transaction. To rule otherwise would be to bisect criminal

conduct artificially and require the state to follow two procedures with no substantive meaning other than to satisfy procedural requirements, with the end result that the case involving the lesser crime would be instituted in juvenile court and transferred to the superior court, OCGA § 15-11-39, and the juvenile would still be tried for the lesser crime along with the crime giving the superior court concurrent jurisdiction. There is no loss of substantive protection of the juvenile, and the public's rights should not be impeded by meaningless procedural steps which delay the judicial process and conceivably could lead to the frustration of justice under the rigorous requirements of the double jeopardy clause." *Worthy v. State*, 253 Ga. 661, 662 (324 SE2d 431) (1985).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 11, 1985.

*M. C. Pritchard*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.