STEPHEN B. BRINKLEY, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

1. Under section 4687 of the Code, the mode in which the judge is to satisfy himself that an impartial trial in a criminal case cannot be had, so as to change the venue, is by testing the jurymen on *voir dire* and on challenge, as provided by section 4682.

2. Public excitement alone is not a good ground for the continuance of a criminal case.

3. When a motion to continue was made, argued and overruled, it is not error in the judge to refuse to hear another motion, based on different grounds, known at the time of the previous motion and not then made or suggested.

4. Taking all the circumstances together as they appear from the record, it was no abuse of the discretion of the judge to refuse to continue this case.

5. It is not a good ground of challenge to the array that the jury list, made out at the last revisal of the jury box, was not marked "filed" by the clerk of the superior court; or that the certificate does not state in terms that the list contains the names of *all* the jurymen in the box.

6. When, at the adjournment at the regular term of a court, it is ordered that an adjourned term will be held, a jury is drawn therefor, and the adjourned term continues for more than one week, it is competent for the judge to hold the jury for the second week, and it is not a good ground of challenge to the array that this is done.

7. The verdict in this case is supported by the testimony as set forth in the record.

Criminal law.    Venue.    Continuance.    Practice in the Superior Court.    Jury.    New trial.    Courts.    Before Judge BUCHANAN,    Coweta Superior Court.    March Adjourned Term, 1874.

Brinkley was placed on trial for the murder of his wife, alleged to have been committed on May 13th, 1874. The defendant pleaded not guilty. The evidence disclosed a most aggravated case of murder. The jury returned a verdict of

guilty. The defendant moved for a new trial upon the following grounds:

1st. Because the court refused to order the venue changed, on the affidavit of the defendant to the effect that he believed an impartial jury could not be obtained in the county of Coweta; that a large proportion of the qualified jurors of said county had formed and expressed opinions in regard to the guilt of the defendant, either from having heard some part of the evidence delivered on oath, or from having heard the statement of those who were present at the commission of the alleged offense; that certain evil-disposed persons had industriously circulated rumors exceedingly damaging to the defendant and prejudicial to the correct determination of the issues involved upon the trial; that the public mind has been so poisoned and prejudiced by exaggerated reports both from the public press and interested parties, that threats have been seriously entertained by a large and respectable portion of the community, to withdraw from this defendant the sacred safeguard of personal security, and to turn loose upon him the unmitigated fury of a wicked and licentious mob, etc.

2d. Because the court refused to continue the case on account of the absence of material witnesses for the defendant who resided in the state of Kentucky, by whom he could have proved mental alienation resulting from a fracture of his skull; and on the ground of public excitement and prejudice against the defendant owing to the recency of the offense, a bill of indictment only having been found at that term of the court.

3d. Because the court overruled a second motion for a continuance, submitted a few minutes after the first had been overruled, based on the ground that certain witnesses, resident in the county of Fulton, who had been subpoenaed, by whom he expected to prove numerous facts tending to show insanity, were absent without his procurement or consent.

The court refused to continue on this ground, but passed the case until the next day, in the meantime sending an officer with compulsory process to Fulton county, who brought

Brinkley *vs.* The State of Georgia.

back with him some of the witnesses named, none of whom were sworn on the trial.

4th. Because the court overruled the challenge to the array of jurors, made upon the following grounds: 1st. That on the last revisal of the jury box, as provided by statute, the ordinary, clerk of the superior court, and commissioners, failed to have the list of names in the jury box marked filed in office, and to certify that the same contained *all* the names in the jury box. 2d. Because the present adjourned term is being held for longer than one week, and separate panels of grand and petit jurors have not been drawn for each week, as provided by statute.

5th. Because the verdict was contrary to law and evidence. The motion was overruled, and the defendant excepted.

P. F. SMITH; B. H. HILL & SON, for plaintiff in error.

THOMAS W. LATHAM, solicitor general, by brief; J. B. S. DAVIS, for the state.

McCAY, Judge.

1. There is no question as to the first point in this case. The words of the act are plain. The court is shut up to the mode of inquiry there provided. He is to summon juries and test them in the usual way to see if they be impartial, etc., and not until he has reasonably exhausted the list is he authorized to conclude that an impartial jury cannot be obtained.

2. Whilst the rulings of this court on the impropriety of continuing criminal cases on the sole ground of public excitement, almost certainly lead to the conclusion that this ground alone is not sufficient, the motion in this case is defective in another important particular. There was no affidavit by any one that any excitement existed. True, *on the trial,* the witnesses did, some of them, make a strong case of excitement at the time of the commission of the offense. But that was not to be the guide of the court in hearing the motion for continuance. It is a serious matter to the public in-

terest to continue a case of this kind. The expense is heavy, the outraged laws, if the defendant be guilty, demand vindication, and every day's delay weakens the effect of the final punishment. True, there ought to be no unseemly haste; justice, though stern and unrelenting, may well be tempered with caution and calmness. But certainly it is due to the public that a complaint of this character, to-wit: that it is unable, by reason of excitement, to do justice to one charged with .crime, ought to be made very clear, by satisfactory proof, under oath, before it demands a hearing.

3. It is one of the rules of court, that all grounds for a motion shall be insisted on at once. We think the rule a good one; one not only necessary for the progress of the public business, but better for all parties having motions before the court. A rule of this sort may, in the discretion of the court, be made to yield so as to prevent injustice by mistake, inadvertence, surprise, etc. But we think it would be a great impropriety in a judge to allow it to be broken in upon at the mere whim of parties. *No reason* was given why, after the motion to continue was overruled, another motion was made. Nothing appears but that it was captiously delayed merely because the party making it did not see fit to make all his motions at once. We think the court was right in refusing to hear the new motion. Courts and the public must be protected. If a second motion may be made, so may a third. The rule stops at one. We do not consider the ground taken with regard to the brief period allowed to send for the witnesses. It was a mere matter of grace. The case was adjudged to be ready for trial before this question as to the Atlanta witnesses was mooted.

4. Taking all the facts together, we do not think there was any abuse of the discretion of the court in refusing the continuance. It was a matter for him, under all the facts, to exercise discretion upon. The unwritten history of the case was before him, and is not here, and we doubt not he had good reason to see that the motion to continue was made for delay. These Atlanta witnesses, to testify to his condition several

years ago, could not be *very* important, when the defendant had resided several years at the place of trial.

5. Nor do we think the challenge to the array was good. We are to take it as the record shows it, and as the counsel of the defendant made it. Fairly considered, what is it on the first point? 1st. Not that the list was not filed, but that it was not *marked* filed. The law does not require it to be so marked. It may well be so marked; but if it be filed, the mode of proving it so is not fixed. 2d. It is not said there is no certificate, but that the certificate does not show that this list contains all the names, etc. We should hesitate to hold any such plea good which based itself upon defects in a paper, unless the whole paper was set out. Nor does the real truth appear in the motion. The judge does not certify that the motion was true, but that he overruled it. Perhaps he did it because the facts—the record—the list—did not sustain it.

6. Nor do we think the other ground taken a good one. Section 3936 of the Code plainly refers to regular terms, and to counties where, by law, a court sits two weeks. This was an adjourned term, and the drawing of juries for adjourned and special terms is regulated by section 3245 of the Code. This section leaves it to the "sound discretion" of the judge whether he shall draw any jury at all for the adjourned term. He may direct the old jury to appear, and he may hold the whole adjourned term with it.

7. Upon the whole, we think there ought to be no new trial. The evidence of the killing is conclusive, and it is plainly murder, or nothing. It is inconceivable, if the defendant is insane, that it could not be proven after his three years' residence, and with *some* of the Atlanta witnesses present. Yet, no effort was made; and in the testimony there is no evidence of the insanity, but the "madness" of the act. Unfortunately for human nature, that sort of madness is too common for courts and juries to heed it. The argument that sustains it is, that the more atrocious a deed of wickedness is, the more innocent is the perpetrator.

Judgment affirmed.