PARRIS *vs.* HIGHTOWER.

CERTORARI, FROM FULTON.  Justice Courts.  Certorari.  Practice in Superior Court. Judgments.  Words and Phrases.  (Before Judge Hammond.)

Hall, J.—1.  Where an account has been divided into parts due in installments, and two suits have been brought in a justice's court and judgments rendered therein, semble that both cannot be carried to the Superior Court by one certorari.  Code, §4052.

(a)  While the 44th rule of the Superior Court provides that all grounds of motion for a non-suit, in arrest of judgment, etc., should be urged and insisted upon at once, and after a decision upon one or more of such grounds no others afterwards urged should be heard by the court, this does not take away all discretion from the court in varying its ap- plication so as to prevent injustice, in case of mistakes, oversight, etc. Code Appendix, pp. 1351–1352; 54 Ga., 374.

2.  Where by agreement an account for goods sold on the same day was divided into four distinct parts, due on different days, the creditor had a right of action on each as it fell due, and if he waited un- til all had fallen due, he might sue on them separately or unite them, and he was not compelled to unite them so as to prevent the jurisdic- tion of a justice's court.  45 Ga., 96 ; 35 Id., 82; Code §447.

(a)  "Liquidated," as used in §447 of the Code, as to dividing claims so as to bring them within the jurisdiction of a justice's court is equiv- alent to settlement, acknowledgment or agreement.

(b)  Where suits were brought on open accounts in a justice's court, and personal service had, if the defendant failed to appear and defend, the cases were properly considered in default, and judgment

were properly rendered without proof of the accounts. Code, §3457, and cits.

Judgment affirmed.

Jas. A. Gray, for plaintiff in error.

R. J. Jordan, by brief, for defendant.