## 57793. DICKERSON v. THE STATE.

SMITH, Judge.

Appellant was tried for the offenses of murder, armed robbery, and motor vehicle theft. He was convicted of the lesser included offense of theft by taking. Appellant appeals this conviction. We affirm.

1. Contrary to appellant's assertion, the evidence does not show a seizure pursuant to an illegal warrantless arrest. The evidence adduced at the suppression hearing establishes that appellant's warrantless arrest and the seizure were unrelated. The sheriff who seized the items in question was permitted inside appellant's home by a woman identified as appellant's wife. The items seized were either in plain view or voluntarily given to the sheriff. Therefore, the trial court did not err in denying the motion to suppress. *Hall v. State,* 239 Ga. 832 (238 SE2d 912) (1966); *Houser v. State,* 234 Ga. 209, 211 (214 SE2d 893) (1975).

2. Assuming without deciding that the trial court should have granted appellant's motion for directed verdict on the armed robbery charge, appellant shows no harm in the denial of the motion. Had the trial court granted the motion, a prosecution for the offense of theft by taking would nonetheless have been permissible. *Clarke v. State,* 239 Ga. 42, 43 (235 SE2d 524) (1977). Appellant was convicted of theft by taking only, and the evidence was sufficient to support the conviction.

3. Appellant shows no error in the trial court's denial of appellant's challenge to the array. The instant case is controlled by Code § 24-3009, which provides: "The judges of the superior courts may, in their discretion, hold adjourned terms of said courts in any court within their respective circuits, when the business requires it to close the dockets, and may, in the exercise of a sound discretion, cause new juries to be drawn for the same, or *order the juries drawn for the regular term to give their attendance*

*upon such adjourned terms. . ."* (Emphasis supplied.) "Under this section, the trial judge may adjourn court and hold the jurors over to the adjourned session. *Harris v. State,* 191 Ga. 243 (12 SE2d 64) (1940); *Buchanan v. State,* 118 Ga. 751 (45 SE 607) (1903); *Cribb v. State,* 118 Ga. 316 (45 SE 396) (1903); *Brinkley v. State,* 54 Ga. 371 (1875). Since it is presumed that the trial court proceeded legally (*Hudgins v. State,* 61 Ga. 182 (1978)), it is incumbent on the defendant to show that the trial court was not meeting pursuant to adjournment." *Gunter v. State,* 243 Ga. 651, 654 (256 SE2d 341) (1979). Appellant has not satisfied his appellate burden.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED MAY 9, 1979 — DECIDED SEPTEMBER 20, 1979.

*George C. Rosenzweig,* for appellant.
*Wayne Pitts, District Attorney, Kenneth L. Shigley, Assistant District Attorney,* for appelleé.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*