## 39266. JAMES v. THE STATE.

Smith, Justice.

Bobby James was convicted of the murder of James Tuft in the Superior Court of Bibb County and sentenced to life imprisonment. On appeal he contends that the evidence does not support a verdict of guilty. We affirm.

On the afternoon of March 2, 1982, James and the victim were among a group of friends who had congregated in the yard of a residence at 1007 Bartlett Street in Macon. Most of the group, including James and Tuft, had been drinking that afternoon. According to onlooker Elijah Stephens, James and the victim had words, and James approached Stephens and confided that he was "fixing to kill" a member of the group. James asked Stephens to drive him to his residence to get his pistol. Stephens refused. Shortly thereafter, Larry Varnado noticed James and Tuft arguing and saw James hit Tuft on the head with a large stick. Varnado drew his knife and defended Tuft, forcing James to retreat. Varnado and other witnesses testified that Tuft, who was unarmed, did not return James' blows. As James walked away from the crowd, he vowed to return and "kill me somebody."

Later that afternoon, teenagers Angela Mosely and Brenda Foster were walking down another section of Bartlett Street when they saw James attack Tuft a second time. James, again armed with a stick, struck the victim "between fifteen and twenty times" around the head, neck, and shoulders. After this beating, Tuft slumped to the ground and did not get up. The girls ran to the nearby residence of Clara Duhart and telephoned the police. Mrs. Duhart, a nurse's assistant of twenty years' experience, examined Tuft soon after the beating. She found a "very weak pulse" and noticed blood in the victim's hair. The first police officer to arrive at the scene found Tuft lying face down in the street, dead. There were no weapons on the victim's person. James was arrested at 11:55 p.m. on March 2 and charged with murder. He gave police a statement that night in which he admitted beating Tuft on both occasions, but claimed that he acted in self-defense.

The medical examiner testified at trial that Tuft's death was caused by "a cerebral concussion secondary to blows to the head." His examination revealed two small lacerations to the victim's scalp, one abrasion above his left eyebrow, and marked swelling of his neck. The victim's skull and brain, however, appeared normal. Tests showed that at the time of his death, Tuft had a blood alcohol level of .35 grams percent. The examiner testified that this level was the threshold lethal level for humans, who can sometimes survive alcohol

levels as high as .55 grams percent.

On appeal James contends that the trial court erred in denying his motion for directed verdict of acquittal because, as a matter of law, the evidence was insufficient to support a conviction. Specifically, he argues that the state failed to prove that the blows he inflicted on James Tuft caused his death. Instead, he insists, the evidence showed that the cause of death was either an accidental fall, the lethal level of alcohol in Tuft's blood, or a combination of these two factors. We cannot agree.

The medical examiner testified that, in his opinion, the cause of Tuft's death was a cerebral concussion resulting from blows to the head and further that, judging from the location of the victim's wounds, it was "most unlikely" that death was the result of an accidental fall. Under cross-examination the expert admitted that the victim's blood alcohol level was quite high. However, he did not agree that this condition caused Tuft's death, for the reason that he had known heavy drinkers like Tuft to survive much higher blood alcohol levels. James introduced no evidence to contradict this expert testimony.

In *Wilson v. State,* 190 Ga. 824, 829 (10 SE2d 861) (1940), we set out the following test for determining causation in homicide cases: "Where one inflicts an unlawful injury, such injury is to be accounted as the efficient, proximate cause of death, whenever it shall be made to appear, either that (1) the injury itself constituted the sole proximate cause of the death; or that (2) the injury directly and materially contributed to the happening of a subsequent accruing immediate cause of the death; or that (3) the injury materially accelerated the death, although proximately occasioned by a pre-existing cause." Under this test, there existed ample evidence to authorize the jury to convict James. The evidence authorized a rational trier of fact to conclude that James struck the victim's head repeatedly with a stick, and that Tuft died as a direct result. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 1, 1983.

*R. Robider Markwalter,* for appellant.
*Willis B. Sparks III, District Attorney, George F. Peterman III, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.