## 66422. SANDERS v. THE STATE.

DEEN, Presiding Judge.

Joe Babe Sanders appeals from his conviction of robbery by sudden snatching. The evidence showed that the seventy-two-year-old victim had her purse snatched by a man who approached her in an alley as she was returning to work from her lunch hour. The defendant denied the offense and relied upon the defenses of alibi and mistaken identity.

1. The trial judge did not err in his charge to the jury that the date of the offense was "the 5th day of October, in the year 1981" when the offense actually occurred on October 1, which was the date alleged in the indictment and proved at trial. The court reporter filed a certified corrected copy of the transcript which shows that the date in the original transcript was a transcription error. This revised

transcript has been transmitted to this court by the court below, and we find no error.

2. It is not error to introduce mugshot photographs of a defendant into evidence. *Creamer v. State,* 229 Ga. 704 (194 SE2d 73) (1972); *Anderson v. State,* 152 Ga. App. 268 (262 SE2d 560) (1979). A review of the record indicates that the mugshots were first tendered by defendant's counsel in an attempt to discredit the victim's testimony that she identified the defendant from a photographic array conducted by a police officer. On redirect, the state asked the officer to identify certain photographs as those viewed by the witness and then tendered them into evidence. As there was no objection to the tender, there is nothing to be considered for appellate review. *Price v. State,* 159 Ga. App. 662 (284 SE2d 676) (1981). Further error is alleged in the officer's testimony that the mugshots were obtained from his prior police record, and therefore his character was placed in issue. We find no objection to this testimony, and this issue also has not been preserved for appellate review. *Moore v. State,* 158 Ga. App. 342, 343 (280 SE2d 170) (1981). The fact that the witness on cross-examination could not identify the photographic array as the one shown to her by the officer merely goes to her credibility as a witness and not to the admissibility of the evidence. We also note that this issue was not raised in the court below.

3. The general grounds are also without merit. The victim made a positive in-court identification of the defendant as the man who snatched her purse and testified that she had ample opportunity to view the thief's face. As to appellant's alibi defense, he did not have his alibi witness testify on his behalf, although his sister testified that she drove him to meet his girl friend on the date in question. As to the mistaken identity defense, the witness viewed the defendant's alleged look-alike in court and testified that he was not the man who robbed her. Conflicting evidence is for resolution by the jury. *Beckum v. State,* 156 Ga. App. 484, 485 (274 SE2d 829) (1980). Credibility of the witnesses is also a jury question. *Redd v. State,* 154 Ga. App. 373 (268 SE2d 423) (1980). After reviewing the evidence in the light most favorable to the jury's determination, we find that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Driggers v. State,* 244 Ga. 160 (259 SE2d 133) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED JULY 11, 1983.

*C. Andrew Fuller,* for appellant.
*Bruce L. Udolf, District Attorney, Charles H. Frier, Assistant*

*District Attorney,* for appellee.