### 68087. WILSON v. THE STATE.

QUILLIAN, Presiding Judge.

Indicted for murder, defendant appeals her conviction for the voluntary manslaughter of her ex-husband. *Held*:

1. Error is enumerated because the defendant's character was put in issue by the prosecution questioning her concerning her being jealous of the victim, difficulty with another woman concerning the victim, and threatening to kill the victim and his whole family because of the victim divorcing her.

"[E]vidence showing intent, motive, plan, scheme and bent of mind is admissible although such evidence may also place in issue the character of the defendant." *Causey v. State*, 154 Ga. App. 76 (3), 79 (267 SE2d 475).

Prior to this questioning of defendant, defendant had produced evidence of prior difficulties between herself and the victim. In direct examination defendant testified concerning past incidents of violence between herself and the victim and that the victim had walked out on her and divorced her. She admitted in cross-examination that the divorce hurt her. Defendant had not wanted the victim to divorce her but he had and married another woman, whom he subsequently also divorced. He then returned and lived with defendant up to the time of his death. Prior to defendant firing the fatal shot into the victim, he had expressed the intention of moving out and made preparations to do so; and defendant had tried to prevent his leaving by various acts.

" 'A trial court does not err in admitting evidence of a previous difficulty between a defendant and victim which illustrates the state of feeling between them.' *White v. State*, 242 Ga. 21, 22 (247 SE2d 759)." *Jones v. State*, 246 Ga. 109 (6), 112 (269 SE2d 6).

Therefore, we find no merit in this enumeration.

2. We also find no merit in the second enumeration. The questioning of defendant as to whether the victim had any insurance from which she would benefit is within the scope of a thorough and sifting cross-examination bearing on a possible motive for killing the victim.

3. Defendant contends that the charge on voluntary manslaughter was error because it was not supported by evidence.

The pertinent evidence was that defendant and the victim had been out drinking and both were under the influence. With some difficulty defendant got the victim home and into the house. There the victim berated defendant concerning her contact with another man

that evening and declared that he was leaving. Defendant did not want him to leave. They argued and fought and the victim slapped defendant around. He was stopped by their son. Defendant and the son left the house and the victim took his clothes and went out to his motorcycle to leave. There he got into a scuffle with the son and began to beat on defendant's car with a metal grate. When the son called to defendant to come help him, defendant came out of the house with her pistol and fired a shot, apparently not striking anything. Defendant then fired three shots at the victim's motorcycle tire so he could not leave on it and she went back into the house. The victim calmed down and sat on the porch. The son then went into the house to the bathroom where after about two minutes, he heard a shot. Defendant testified that while the son was in the bathroom, she heard a commotion on the porch where the victim was and came out with her pistol. When she did so, she said the victim threatened to kill her, pulled his pistol from his boot and aimed it at her. She thereupon fired the fatal shot at the victim in claimed self-defense. No pistol was found on or near where the victim fell, and the son testified the victim did not have his gun. The victim's pistol was later found in a leather pouch in the glove box of defendant's car parked nearby.

From this evidence we find sufficient provocation to authorize the charge on voluntary manslaughter. " 'Although the appellant's testimony may have excluded voluntary manslaughter as a possible verdict, the evidence as a whole did not. "On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or voluntary manslaughter, instruction as to the law of both offenses should be given the jury." ' " *Raines v. State*, 247 Ga. 504 (1), 506 (277 SE2d 47). Accord *Paynter v. State*, 164 Ga. App. 391 (297 SE2d 327); *Daniels v. State*, 165 Ga. App. 397 (4) (299 SE2d 746).

4. The trial court did not err in failing to charge on involuntary manslaughter in accordance with OCGA § 16-5-3 (b).

" 'It is not error to refuse a request to charge lawful act-unlawful manner-involuntary manslaughter, Code § 26-1103 (b) [now OCGA § 16-5-3 (b)], where the defendant asserts that he or she acted in self-defense by use of a pistol, rifle or shotgun . . . [T]he deadly force of a gun is known to all. A person who causes the death of another human being by the use of a gun allegedly in self-defense, will not be heard to assert that although he or she used excessive force, death was not intended and the act was lawful. Although the defendant who uses a gun in self-defense is entitled to a charge on the law of self-defense, that defendant is not also entitled to a charge on the law of lawful act-unlawful manner-involuntary manslaughter on the theory that . . . the force used was excessive . . . Where a defendant uses a gun in self-defense in an "unlawful manner," he or she is guilty of a crime,

reckless conduct, Code § 26-2910, and thus the act is not a "lawful act" within the meaning of Code § 26-1103 (b).' " *Appleby v. State*, 247 Ga. 587 (2), 589 (278 SE2d 366).

Moreover, although defendant did object to the omission of such a charge, and claims she requested the charge at the close of evidence, the record shows no written or oral request to so charge. "While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving or the failure to give instructions to the jury [cits.], this does not relieve him from the necessity of requesting instructions except in those circumstances where the omission is clearly harmful or erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. [Cits.]" *Jackson v. State*, 161 Ga. App. 650 (3), 652 (289 SE2d 525).

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED MAY 2, 1984 — REHEARING DENIED MAY 30, 1984.

*Robert F. Oliver, William R. Oliver,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.