68083. CHILDS v. THE STATE.

CARLEY, Judge.
Appellant was indicted for and convicted of voluntary manslaughter. He appeals.

1. Appellant enumerates as error the denial of his motion for a directed verdict of acquittal.

"A trial court must grant a motion for directed verdict unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979)." *Lee v. State*, 247 Ga. 411, 412

(276 SE2d 590) (1981). Accord *Humphrey v. State*, 252 Ga. 525 (314 SE2d 436) (1984); *Maddox v. State*, 170 Ga. App. 498 (317 SE2d 617) (1984). From the conflicting evidence adduced in the instant case, the jury was authorized to find the following: Early one morning, appellant discovered that a dog owned by the victim's girl friend had killed a chicken owned by appellant's wife's uncle. The dog had destroyed other chickens in the past. Appellant and the uncle agreed that the dog should be killed. That afternoon, appellant borrowed the uncle's shotgun and shot the dog. The wounded dog ran across the road to the house occupied by the victim and others. Appellant and the uncle followed. The victim emerged from his house and admonished appellant not to come across the road with a gun, because one of the children who were on the front porch might be shot. According to appellant, he had begun to retreat when the victim made threatening gestures and pulled a gun out of his pocket. At that point, appellant shot the victim, who subsequently died. There was other evidence that the victim did not own a handgun, and that he had no weapon of any kind at the time of the shooting. However, the resolution of such conflicts in the evidence is for the jury. *Sanders v. State*, 167 Ga. App. 404 (306 SE2d 697) (1983). The evidence in the instant case was sufficient to authorize the jury to determine beyond a reasonable doubt that the killing was the result of "a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2. *Hill v. State*, 155 Ga. App. 718 (272 SE2d 508) (1980); *Miller v. State*, 166 Ga. App. 639 (305 SE2d 172) (1983); *White v. State*, 129 Ga. App. 353 (199 SE2d 624) (1973).

2. After being shot by appellant, the victim was driven to a hospital, where he received emergency treatment and was connected to life support equipment. Several days later, following discussions between the attending physician and the victim's family, the life support machinery was disconnected, and the victim died. Appellant contends that the State failed to prove whether the victim died as a result of the gunshot would inflicted by appellant, or as a result of the removal of the life support equipment by medical personnel.

There was testimony by the victim's paramour that, prior to disconnecting the life support system, the attending physician informed her that the victim showed no sign of life, and that "he was just dead." The pathologist who examined the victim's body testified that he observed changes in the victim's brain which were compatible with brain death. He further testified that the shotgun wound itself was severe enough to cause death, and that the victim was fortunate to survive as long as he did. Based upon the examination of the body, the pathologist's conclusion as to causation was "death secondary to shotgun wound of the chest, . . . with subsequent brain death." Ap-

plying the test of Jackson v. Virginia, supra, we find that the evidence was sufficient to support the verdict of the jury that the victim died as a result of the gunshot wound inflicted upon him by appellant. *Rachel v. State*, 247 Ga. 130 (274 SE2d 475) (1981).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1984.

*Alfred F. Zachry*, for appellant.

*Arthur E. Mallory III, District Attorney, Steven M. Tanner, Assistant District Attorney*, for appellee.