## 69145. LORD v. THE STATE.
### (326 SE2d 794)

Carley, Judge.

Appellant was indicted for the murder of her husband and was convicted of voluntary manslaughter. She appeals.

1. Appellant enumerates as error the trial court's charge to the jury on the offense of voluntary manslaughter. Appellant contends that the charge was not authorized by the evidence.

The evidence showed that both appellant and the victim had been drinking on the day of the killing. The couple engaged in a violent argument, and the victim knocked appellant to the floor. He then threw appellant into a bedroom and would not allow her to leave. During the altercation, appellant asked her daughter to bring her a cigarette. When the daughter attempted to do so, she became involved in the fracas, and the victim began choking her. At that point, appellant's son shot the victim in the upper chest with a shotgun, and appellant also shot the victim in the head with a revolver. The victim died as a result of the wounds. Both appellant and her son were subsequently indicted for murder in connection with the incident, but the son was killed in an accident prior to trial.

"A person commits the offense of voluntary manslaughter when

he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person . . . ." OCGA § 16-5-2 (a). " ' "On the trial of a murder case, if there is any evidence to create a doubt, however slight, as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both offenses should be given." ' [Cits.]" *Dyer v. State*, 167 Ga. App. 310 (306 SE2d 313) (1983). The evidence in the instant case was sufficient to authorize a charge on voluntary manslaughter. *Dyer v. State*, supra; *Ellis v. State*, 168 Ga. App. 757, 760 (4) (309 SE2d 924) (1983); *Wilson v. State*, 171 Ga. App. 120 (3) (318 SE2d 705) (1984). Compare *Holmes v. State*, 162 Ga. App. 717 (293 SE2d 16) (1982). Additionally, the holdings in *Dyer*, *Ellis*, and *Wilson*, supra, support our finding that the evidence adduced in the instant case would authorize a rational trior of fact to conclude beyond a reasonable doubt that appellant committed the offense of voluntary manslaughter. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). See also *Childs v. State*, 171 Ga. App. 398 (1) (319 SE2d 549) (1984).

2. Appellant enumerates as error the admission over objection of two color photographs of the victim. The photographs were taken at the scene of the crime and depicted the deceased as he appeared when law enforcement officers first arrived. However, one of the photographs showed certain EKG wires which had been attached to the body by emergency medical personnel prior to the arrival of the deputy sheriff.

"A photograph which depicts the victim after autopsy incisions are made or after the state of the body is changed by authorities or the pathologist will not be admissible unless necessary to show some material fact which becomes apparent only because of the autopsy. A photograph which shows mutilation of a victim resulting from the crime against him may, however gruesome, have relevance to the trial of his alleged assailant. The necessary further mutilation of a body at autopsy has no such relevance and may cause confusion, if not prejudice, in the minds of jurors." *Brown v. State*, 250 Ga. 862, 867 (302 SE2d 347) (1983).

Applying the *Brown* standard to the instant case, we find that it was not error to admit the challenged photographs. They were taken prior to autopsy, and they accurately portrayed the wounds inflicted by the gunshots, rather than any "further mutilation" arising from the activities of medical personnel. See *Nassar v. State*, 253 Ga. 35 (2) (315 SE2d 903) (1984); *Davis v. State*, 168 Ga. App. 272, 273 (3) (308 SE2d 602) (1983). Appellant contends that the picture showing the wires attached to the body might improperly have suggested that the victim was still alive when medical personnel arrived. This con-

tention is without merit in light of the medical testimony concerning the death.

3. During cross-examination of one of the officers who investigated the shooting, appellant's attorney asked: "[D]id you ascertain any kind of evidence at any time that you were there that it [the killing] was anything but self-defense and not murder?" An objection to the question was sustained, and appellant enumerates that ruling as error.

"The right to a thorough and sifting cross-examination is not abridged where the question propounded [and disallowed] calls for a conclusion by the witness as to matters which can be determined only by the jury, such as, whether there was provocation or justification of a homicide. [Cits.] While the . . . question here propounded calls *ostensibly* for [a] statement of fact, . . . nevertheless, implicit in that response, and the only probative value of that response, is the witness' opinion . . . as to the nature of the appellant's criminal culpability." *Proctor v. State*, 235 Ga. 720, 725-726 (221 SE2d 556) (1975). See also *Fishman v. State*, 128 Ga. App. 505, 508-509 (3) (197 SE2d 467) (1973). The trial court did not abuse its discretion in sustaining the objection to the question.

4. Appellant enumerates as error the denial of her motion for a directed verdict on the murder charge, asserting that there was no evidence of express or implied malice. However, even if the trial court's ruling was erroneous, the error was harmless. If the motion had been granted, a prosecution for voluntary manslaughter would nonetheless have been permissible, and appellant was convicted only of the lesser offense of voluntary manslaughter. *Dickerson v. State*, 151 Ga. App. 429 (2) (260 SE2d 535) (1979).

5. Finally, appellant contends that the evidence as to the cause of the victim's death was insufficient to support the verdict of guilty.

The pathologist who examined the victim's body testified that the shots fired by appellant and by her son would each have been fatal independently of the other. The son shot first. However, the pathologist further testified that, in his medical opinion, the victim was still living at the time appellant shot him in the head. This testimony was sufficient to authorize a finding beyond a reasonable doubt that the injury inflicted by appellant caused or materially accelerated the death of the victim. See generally *Ward v. State*, 238 Ga. 367 (233 SE2d 175) (1977); *James v. State*, 250 Ga. 655 (300 SE2d 492) (1983); *Martin v. State*, 102 Ga. App. 216, 219-221 (4) (115 SE2d 859) (1960). Compare *Kilgore v. State*, 95 Ga. App. 462, 464 (3) (98 SE2d 72) (1957).

Moreover, the evidence also authorized a finding beyond a reasonable doubt that appellant was guilty as a party to a criminal homicide. The State presented evidence that, after appellant and her son

shot the victim, appellant wiped her son's fingerprints from the shotgun and replaced them with her own. Thereafter, appellant told law enforcement officials that she had fired both of the guns with which the victim was shot, although she later admitted that her son had fired the shotgun. This evidence sufficiently established appellant's role as a party to the crime. *Jones v. State*, 245 Ga. 592, 594-595 (1) (266 SE2d 201) (1980); *Goins v. State*, 164 Ga. App. 37 (1) (296 SE2d 229) (1982).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 1, 1985.

*Nathan B. Deaton, Lee Sexton,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.