*Weymon H. Forrester*, for appellee.

## 75747. CHESTER v. THE STATE.
(365 SE2d 513)

BANKE, Presiding Judge.

The appellant and a co-defendant, Rodney Antonio Browning, were indicted for armed robbery and aggravated assault. Browning pled guilty to the charges, while the appellant was found guilty by a jury. This appeal is from the denial of the appellant's motion for new trial.

The evidence, construed in the light most favorable to the verdict, may be summarized as follows: The appellant and Browning both attended an Atlanta high school where the victim, Sedrick Moore, was employed as a bus driver and assistant coach. On the evening of February 13, 1987, they attended a party at a private residence where Moore was present as a chaperone. Later in the evening, Moore agreed to give the appellant and Browning a ride home. On the way home, Browning pulled a gun on Moore and directed him to drive to a nearby wooded area, where he then shot him, hitting him in the arm and stomach, and thereafter demanded and received his wallet, watch, and jewelry. The appellant, who was standing behind Browning when this shooting occurred, told Browning that they could not let Moore go but would have to kill him. The appellant then took the gun, hit Moore over the head with it, and shot him in the leg. Later, Browning shot Moore again behind the ear. A struggle then ensued, during which Moore grabbed the gun and fired twice, hitting both Browning and the appellant.

The appellant and Browning fled; and Moore drove out to the street, where he was able to summon the police. While Moore was at a hospital being treated for his wounds, the appellant and Browning were brought in by a friend for treatment of their wounds. Initially, the appellant told the police he had been shot at a party. However, after two bullets were discovered in his pants pocket during a search conducted incident to his arrest, he changed his story, admitting that he had left the party with Moore and Browning and stating that he had been shot by Moore in the aftermath of confrontation between Moore and Browning.

Moore's wallet and papers were recovered by police at the scene of the incident. Browning testified at trial that the appellant had obtained the gun from a man named Tony, that Moore had made homosexual advances towards the two of them while giving them a ride home from the party, and that he and the appellant had decided at that time to rob him. The appellant admitted having been present at

the scene but denied participating in either the robbery or the shooting. *Held*:

1. The appellant contends that the trial court erred in refusing to allow him to ask Moore the following question: "If it wasn't for [Browning], it wouldn't have happened at all, would it?" This enumeration of error is without merit. "The right to a thorough and sifting cross-examination is not abridged where the question propounded calls for a conclusion by the witness. [Cit.]" *Dunn v. State*, 251 Ga. 731, 733 (3) (309 SE2d 370) (1983). Accord *Lord v. State*, 173 Ga. App. 419 (3) (326 SE2d 794) (1985). Moreover, a review of the transcript reveals that defense counsel, by subsequently rephrasing the question, was able to elicit from Moore the desired testimony that he thought Browning had instigated the crimes.

2. The appellant contends that the trial court erred in denying his motion for a directed verdict of acquittal on the armed robbery charge, both because the evidence did not establish his participation in the robbery and because, as in *Young v. State*, 177 Ga. App. 756 (2) (341 SE2d 286) (1986), the evidentiary basis for that conviction was "used up" in proving the aggravated assault. There was ample evidence in the present case from which a rational trier of fact could have determined beyond a reasonable doubt both that the appellant was a party to the robbery and that he personally shot Moore after the robbery was completed. Consequently, the evidence was sufficient to support his convictions on both counts of the indictment. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 28, 1988.

*William T. Hankins III*, for appellant.
*Robert E. Wilson, District Attorney, J. Michael McDaniel, Assistant District Attorney*, for appellee.