77523. WATKINS v. THE STATE.
(379 SE2d 227)

CARLEY, Chief Judge.

Appellant was convicted of burglary and criminal damage to property in the second degree. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.

1. Appellant enumerates the general grounds, urging that the evidence, which was entirely circumstantial, was not sufficient to exclude all other reasonable hypotheses save that of his guilt.

" 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with guilt but shall exclude every other reasonable hypothesis save that of guilt of the accused. [Cit.]

Such evidence need not exclude *every* inference or hypothesis except guilt of an accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. [Cit.] "Questions as to reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb that finding, unless the verdict of guilty is unsupportable as a matter of law." [Cit.]' [Cit.]" (Emphasis in original.) *Gee v. State*, 146 Ga. App. 528 (1) (246 SE2d 720) (1978). See also *Montgomery v. State*, 168 Ga. App. 625, 628 (309 SE2d 902) (1983). From the circumstantial evidence produced at appellant's trial, any rational trier of fact could reasonably have found him guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *Evans v. State*, 256 Ga. 10, 12 (1) (342 SE2d 684) (1986).

2. The State's expert witness in forensic serology was allowed to testify as to the frequency with which a certain blood type appears in the general population. This evidence was properly admitted. *Evans v. State*, supra at 12 (2).

3. The trial court did not err in admitting evidence of prior difficulties between appellant and the victim. " 'On a trial of an indictment for [criminal damage to property], it is not error to admit evidence showing that feelings of anger or dislike existed on the part of the defendant toward the owner of the property.' [Cit.] . . . The evidence objected to in the case sub judice was of actions and words of the defendant toward the property owner and therefore admissible to show the 'feelings' of the defendant toward such property owner." *Wright v. State*, 113 Ga. App. 436, 437 (1) (148 SE2d 333) (1966). See also *Wilson v. State*, 171 Ga. App. 120 (1) (318 SE2d 705) (1984).

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 22, 1989.

*The Garland Firm, Charles G. Haldi, Jr.,* for appellant.
*Robert E. Wilson, District Attorney, Eleni A. Pryles, Patricia G. Higginbotham, Assistant District Attorneys,* for appellee.