A92A2330. STEVENS v. THE STATE.
(425 SE2d 373)

McMURRAY, Presiding Judge.

Defendant was indicted for murder. Following a jury trial, he was

convicted of voluntary manslaughter and sentenced to serve 20 years in the penitentiary. Defendant moved for a new trial. The motion was denied and defendant appealed.

Viewed in a light favorable to the State, we find the following evidence: On June 24, 1990, defendant was nearly hit by a "Mustang 5.0" as he sat on a car parked on Meldon Street in Atlanta, Georgia. Defendant peered into the Mustang and exchanged words with the driver. An argument ensued and the driver emerged from the Mustang and grabbed defendant. The driver and defendant began to fight. Friends broke up the fight and tried to keep the situation under control, but the arguing continued. Defendant walked over to his car and retrieved a 9 millimeter pistol. Defendant approached the victim and opened fire from a distance of about ten feet. The victim had been standing with his hands on his hips when defendant approached him; he did not have a gun. Defendant rapidly fired between four and six shots and the victim fell to the ground. Defendant walked over to the victim, and standing over him, reeled off another eight shots. When the police arrived, they found the victim lying on the ground with nine bullet holes in his body. Defendant had fled the scene. *Held*:

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of voluntary manslaughter beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hollis v. State*, 201 Ga. App. 224, 227 (7) (411 SE2d 48). Defendant's first enumeration of error, alleging the general grounds, is without merit.

2. Defendant contends that the trial court erred in failing to grant his motion for a directed verdict of acquittal. We disagree.

A directed verdict of acquittal in a criminal case is only authorized if "there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall *demand* a verdict of acquittal or 'not guilty.' " (Emphasis supplied.) OCGA § 17-9-1 (a). A verdict of acquittal or not guilty was not demanded in this case.

Even if it can be said that the trial court should have granted a motion for directed verdict on the murder charge, defendant shows no harm in the denial of the motion. *Dickerson v. State*, 151 Ga. App. 429 (2) (260 SE2d 535). Defendant was convicted of voluntary manslaughter and the evidence was sufficient to support the conviction. See *Miller v. State*, 201 Ga. App. 108, 109 (410 SE2d 328) (evidence cannot be said to have demanded a verdict of acquittal when conviction upheld on general grounds).

3. The trial court did not err in charging the jury on the law of voluntary manslaughter. "On the trial of a murder case, if there be any evidence, however slight, as to whether the offense is murder or

voluntary manslaughter, instruction as to the law of both offenses should be given the jury." *Banks v. State*, 227 Ga. 578, 580 (182 SE2d 106). Accord *Lord v. State*, 173 Ga. App. 419 (1) (326 SE2d 794).

4. After the jury began deliberating, the trial court received a request for the definitions of murder and manslaughter. The trial court intended to recharge the definitions just as soon as it could assemble the attorneys in the courtroom. Approximately 15 minutes later, the jury notified the trial court that it reached a verdict. Accordingly, the trial court did not recharge the jury on the definitions of murder and manslaughter.

In his fourth enumeration of error, defendant contends the trial court erred in failing to recharge the jury on the definitions of murder and manslaughter pursuant to the jury's request. We disagree. "[W]here, after requesting a recharge, the jury returns a verdict before the trial judge has time to recharge, the trial judge's failure to recharge before the verdict is reached does not require reversal." *Harrell v. State*, 249 Ga. 48, 49 (1) (288 SE2d 192), overruled on other grounds, by *Edge v. State*, 261 Ga. 865, 867 (414 SE2d 463). See also *Johnson v. State*, 254 Ga. 591, 602 (18) (331 SE2d 578).

5. The day after the victim was killed, defendant, accompanied by an attorney, Bobby Wilson, surrendered to the police. He was advised of his *Miranda* (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) rights and voluntarily gave a statement concerning the crime. Defendant's statement was admitted into evidence over defendant's objection that Wilson rendered ineffective assistance of counsel during his representation of defendant.

In his final enumeration of error, defendant asserts the trial court erred in admitting his statement into evidence. In this regard, he claims that before representing defendant, Wilson represented one of the State's primary witnesses, Donnie Holland, in several criminal matters; that Wilson's previous representation of Holland was in conflict with his representation of defendant; and that, therefore, Wilson's representation of defendant was ineffective. We disagree. Defendant failed to show any actual conflict of interest, how any such conflict actually impaired Wilson's representation, or how any such conflict rendered defendant's statement involuntary. See *Dill v. State*, 193 Ga. App. 213 (387 SE2d 424); *Daniels v. State*, 192 Ga. App. 446, 448 (9) (385 SE2d 107).

The record shows that defendant's statement was voluntary. The trial court did not err in admitting it into evidence.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED NOVEMBER 12, 1992 —
RECONSIDERATION DENIED NOVEMBER 23, 1992.

*H. Clay Collins*, for appellant.
*Lewis R. Slaton, District Attorney, Nancy A. Grace, Vivian D. Hoard, Assistant District Attorneys*, for appellee.