{¶ 79} I respectfully dissent. Although I agree with the majority regarding appellant's burglary conviction, I disagree with their contention that reasonable minds could only find reasonable doubt with respect to his attempted burglary charge.
 {¶ 80} Concerning appellant's first assignment of error, I agree with the majority that the evidence supports the trial court's conclusion that appellant was served with the parole holder either personally or with it deposited in his jail cell on April 3, 2002. Therefore, according to State v. Hubbard (1995),104 Ohio App.3d 443, because appellant was not being held solely on the pending charges, the triple-count provision under R.C.2945.71(E) is not applicable. Thus, appellant's right to a speedy trial was not violated since his August 8, 2002 jury trial was clearly within the two hundred seventy day requirement pursuant to R.C. 2945.71(C)(2).
 {¶ 81} With respect to appellant's second assignment of error, I agree with the majority that the evidence in this case did not entitle appellant to lesser-included offense instructions. However, I disagree that there was no evidence to indicate appellant's motive for being at Ralph's residence. Conduct preceding as well as subsequent to the crime is relevant to show motive and intent. See, generally, State v. Hymore
(1967), 9 Ohio St.2d 122; Watkins v. State (1989),190 Ga. App. 429; State v. Ross (1952), 92 Ohio App. 29.
 {¶ 82} Again, according to Ralph, appellant loudly pounded on his front door and asked for directions to the highway. However, Ralph testified that appellant did not follow his clear directions, but instead proceeded in the opposite direction, pulled into the neighbors' driveway, and loudly pounded on their front door. After receiving no response, appellant drove around the back of the neighbors' residence, which activity prompted Ralph to call KPD. When the police arrived, Ralph saw two males exit the rear of the neighbors' house and quickly walk toward Ralph's barn. Officer Prib also testified that he observed two males exit the rear of the neighbors' residence, and Officer Tercek stated that he saw two males running from the rear of the neighbors' home. After the officers ordered them to stop, Filippi, the driver of the van, and appellant were then apprehended.
 {¶ 83} The police investigation revealed that the rear door of the neighbors' residence had been forcibly opened. Also, a number of items were stacked up just inside that door, which Neil testified were not in that location when he and his wife, Jill, left for work that morning. In addition, the shoe impressions lifted from the neighbors' kitchen floor had the same class characteristics, according to trace evidence examiner Green, as the shoes appellant had on at the time he was apprehended.
 {¶ 84} The foregoing evidence presented at trial established that appellant attempted to burglarize Ralph's residence, but was thwarted by the fact that Ralph was home. Appellant loudly pounded on Ralph's front door and after it was opened, acted under the pretense of seeking directions to the highway, which he did not follow. The combination of direct and circumstantial evidence here cogently infers that appellant's purpose was not to innocently stop and ask for directions, but rather to break into Ralph's house. As such, appellant committed a substantial step toward the commission of the offense strongly corroborative of his criminal purpose. See State v. Woods (1976),48 Ohio St.2d 127, 132. Thus, the lesser included offense of criminal trespass on count two was not warranted since the facts do not support a criminal trespass charge, as appellant's actions, considered in their totality, went beyond "[k]nowingly enter[ing] or remain[ing] on the land or premises of another[.]" R.C.2911.21(A)(1). The evidence presented clearly shows that appellant did in fact burglarize the second home, the neighbors' residence, after determining that the first home, Ralph's, was occupied at that time. Based on State v. Kidder (1987),32 Ohio St.3d 279, the evidence in this case did not entitle appellant to lesser-included offense instructions.
 {¶ 85} In appellant's third assignment of error, I agree with the majority that the trial court properly denied appellant's motion for acquittal regarding the burglary conviction, but I disagree that appellant's motion for acquittal should have been granted with respect to the attempted burglary charge.
 {¶ 86} R.C. 2911.12(A)(2) governs the crime of burglary and provides that: "[n]o person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense[.]"
 {¶ 87} R.C. 2923.02(A) governs the crime of attempt and states that: "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 88} In the instant matter, based on the testimony of Ralph, Officer Prib, Officer Tercek, Neil, and Green, the state proffered sufficient, credible evidence to show that appellant attempted to burglarize Ralph's home, in violation of R.C.2923.02(A). As previously addressed, the evidence submitted at trial supports the conclusion that appellant's purpose was not to stop and ask for directions, but rather to break into Ralph's house. Again, the evidence presented shows that appellant, after finding Ralph at home, did not follow Ralph's clear directions to the highway. Instead, appellant proceeded in the opposite direction, pulled into the neighbors' driveway, loudly pounded on their front door, but when no one answered, went around the back and burglarized that residence, where he was apprehended. Thus, the evidence presented clearly shows that appellant burglarized the second house, the neighbors' home, in violation of R.C.2911.12(A)(2), after being thwarted by the fact that the first home, Ralph's residence, was occupied at that time. As such, after reviewing the testimonial evidence in a light most favorable to the prosecution, any rational trier of fact could reasonably determine that appellant attempted to burglarize Ralph's home, and did in fact burglarize the neighbors' residence. Therefore, based on State v. Bell (1994),97 Ohio App.3d 576, the trial court did not err in denying appellant's motion for acquittal with respect to both the burglary and attempted burglary charges.
 {¶ 89} Regarding appellant's fourth assignment of error, I agree with the majority that the jury did not clearly lose its way in convicting appellant on the burglary charge. However, I disagree that appellant's manifest weight argument with respect to the attempted burglary conviction is moot. I also disagree that appellant's fifth and sixth assignments of error are moot since I believe that appellant's sentence for attempted burglary was warranted based on the facts presented.
 {¶ 90} R.C. 2909.01(C) states that: "`[o]ccupied structure' means any house * * * to which any of the following applies:
 {¶ 91} "(1) It is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied and whether or not any person is actually present.
 {¶ 92} "(2) At the time, it is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present.
 {¶ 93} "(3) At the time, it is specially adapted for the overnight accommodation of any person, whether or not any person is actually present.
 {¶ 94} "(4) At the time, any person is present or likely to be present in it."
 {¶ 95} In the instant case, as previously addressed, the testimony of Ralph, Officer Prib, Officer Tercek, Neil, and Green, was credible to show that appellant attempted to burglarize Ralph's home as well as burglarized the neighbors' residence. Furthermore, the testimony at trial established that both Ralph's home and the neighbors' residence were occupied structures. Based on the overwhelming evidence presented, considered in its totality, it was reasonable for the jury to conclude that appellant attempted to burglarize Ralph's house, but was thwarted by the fact that Ralph was home, and did in fact burglarize the neighbors' residence, which were both occupied structures pursuant to R.C. 2901.01(C). Therefore, based onState v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862 and State v. Thompkins (1997),78 Ohio St.3d 380, the jury did not clearly lose its way in convicting appellant on the burglary and the attempted burglary charges. Thus, appellant's fourth assignment of error is without merit.
 {¶ 96} In his fifth assignment of error, appellant alleges that the trial court erred by sentencing him to the maximum term of imprisonment for a second and third degree felony without following the mandates of R.C. 2929.12, R.C. 2929.14(C), and R.C.2929.19(B)(2)(d).
 {¶ 97} R.C. 2929.12(B)(2) provides that one of the factors to be considered in determining whether an offender's conduct is more serious than conduct normally constituting the offense is whether "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense."
 {¶ 98} R.C. 2929.12(D) states that: "[t]he sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 99} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * * or under post-release control * * * for an earlier offense * * *.
 {¶ 100} "(2) The offender * * * has a history of criminal convictions.
 {¶ 101} "(3) The offender has not * * * responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 102} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 {¶ 103} "(5) The offender shows no genuine remorse for the offense."
 {¶ 104} In order to sentence a defendant to the maximum term of incarceration, a trial court must make certain findings pursuant to R.C. 2929.14(C). State v. Edmonson (1999),86 Ohio St.3d 324, 328. Specifically, "the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329. Those specified criteria include: (1) the offender committed the worst form of the offense; (2) the offender poses the greatest likelihood of committing future crimes; (3) the offender is a major drug dealer; and (4) the offender is a repeat violent offender. R.C. 2929.14(C).
 {¶ 105} Additionally, when the sentencing court wishes to impose the maximum sentence on a defendant, it must give its reasons pursuant to R.C. 2929.14(C). State v. Jones, 11th Dist. No. 2001-L-176, 2003-Ohio-476, at ¶ 15. This court has held that: "[a] sentence which merely recites the language of R.C.2929.14(C) without any consideration of the statutorily relevant factors is insufficient. * * * For meaningful review, the record must contain some indication, by use of specific operative facts, that the sentencing court considered the statutory factors in reaching its determination. * * *." State v. Perry, 11th Dist. No. 2000-L-166, 2002 Ohio App. LEXIS 1496, at 6-7, citing Statev. Kase (Sept. 25, 1998), 11th Dist. No. 97-A-0083, 1998 Ohio App. LEXIS 4498, at 4.
 {¶ 106} In the case at bar, the trial court stated at the September 19, 2002 sentencing hearing that:
 {¶ 107} "* * * I've balanced the seriousness and recidivism factors under [R.C] 2929.12. In that regard, I find the following factors make the offense more serious: The victims suffered [serious] psychological or economic harm; * * * the offender acted as part of an organized criminal activity; * * * the offender acted in a drug-induced state. I find no factors making the offense less serious.
 {¶ 108} "In terms of recidivism, * * * [the] offenses were committed while on [p]ost [r]elease [c]ontrol from a burglary six months * * * before. I find that there is a lengthy history of criminal convictions * * * as a result of burglaries and thefts as a juvenile.
 {¶ 109} "As an adult [appellant] has convictions for aggravated burglary, theft, aggravated burglary, theft, carrying a concealed weapon in a liquor establishment, receiving stolen property, aggravated burglary, attempted aggravated burglary, aggravated burglary, theft, possession of criminal tools, aggravated burglary, grand theft, aggravated burglary, theft, intimidation, felonious assault, aggravated burglary with specifications, theft with specifications. Those were all lumped together by Cuyahoga County and [appellant] served ten-and-a-half years in prison on those.
 {¶ 110} "[Appellant] was released on October 7th, 1997 and within four months committed another burglary for which he received two years on the burglary and one year on the parole violation.
 {¶ 111} "[Appellant] was released on September 4th, 2001 and six-and-a-half months later committed this set of burglaries and attempted burglary.
 {¶ 112} "[Thirty-three year old appellant] has spent more than one-half of his life in prison. * * *
 {¶ 113} "* * *
 {¶ 114} "I find that [appellant] has not responded favorably to previously imposed sanctions, including the [p]ost [r]elease [c]ontrol and all of the prison time that was given. I find that alcohol and drug abuse is related to the offense and [appellant] denies there's a problem or refuses treatment. I find no genuine remorse. * * *"
 {¶ 115} The trial court further stated at the sentencing hearing that:
 {¶ 116} "[t]he [c]ourt does find that maximum imprisonment is consistent with the purposes and principles of sentencing. The [c]ourt finds that [appellant] has the greatest likelihood to [commit] future crimes, especially in light of his past behavior and his immediately [sic] recidivism after two lengthy prison terms for similar offenses.
 {¶ 117} "* * *
 {¶ 118} "* * * I also find that the criminal history demonstrates that maximum and consecutive sentences are necessary to protect the public from [appellant's] future crimes."
 {¶ 119} "Also, according to its October 1, 2002 judgment entry, the trial court stated that: "[t]he [c]ourt finds for the reasons stated on the record pursuant to R.C. 2929.14(C) that [appellant] poses the greatest likelihood of recidivism."
 {¶ 120} In this case, the sentencing judge, who was also the trial judge, made reference at the sentencing hearing that he heard Ralph's and Neil's testimony, as well as reviewed the victim impact statements of Neil and his wife, Jill, which detailed the economic harm that they suffered.[1]
Furthermore, the trial court determined that appellant has an extensive criminal history, was on post release control at the time of this offense, and has not responded favorably to previously imposed sanctions, which all support the likelihood of appellant committing future crimes. Therefore, the trial court complied with the statutory requirements of R.C. 2929.12, R.C.2929.14(C), and R.C. 2929.19(B)(2)(d) in sentencing appellant to maximum terms. Thus, appellant's fifth assignment of error is without merit.
 {¶ 121} In his sixth assignment of error, appellant alleges that the trial court erred when it ordered consecutive sentences without giving its reasoning as required by R.C.2929.19(B)(2)(c).
 {¶ 122} R.C. 2929.14(E)(4) states that:
 {¶ 123} "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 124} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 125} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 126} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 127} In State v. Rupert, 11th Dist. No. 2001-L-151, 2002-Ohio-6911, at ¶ 12-14, this court stated:
 {¶ 128} "[w]hen reviewing the imposition of a sentence upon a defendant by a trial court, this court will not disturb the sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. State v. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 Ohio App. LEXIS 2573. An appellate court may modify or vacate a sentence if the sentence is contrary to law. R.C. 2953.08(G).
 {¶ 129} "* * *
 {¶ 130} "When a trial court decides to impose consecutive sentences under R.C. 2929.14, the court also must follow the requirements set forth in R.C. 2929.19(B). State v. Hoskins
(Mar. 16, 2001), 11th Dist. No. 2000-A-0037, 2001 Ohio App. LEXIS 1232. Pursuant to R.C. 2929.19(B)(2)(c), the trial court is to justify its imposition of consecutive sentences by making findings that give the court's reasons for selecting this sentence. State v. Bradford (June 1, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487. The trial court must state on the record its reasons for imposing consecutive sentences. R.C. 2929.19(B)(2)(c); [State v. Jones (2001),93 Ohio St.3d 391, 400.] The reasons are the court's provision of a factual explanation setting forth the basis for the findings. [Edmonson, supra, at 326] * * *. These factual considerations may be given after the imposition of consecutive sentences.State v. Sharp, [3d] Dist. No. 1-02-06, [2002-Ohio-2343, at ¶ 15]." (Parallel citation omitted.)
 {¶ 131} In State v. Comer, 99 Ohio St.3d 463, paragraph one of the syllabus, 2003-Ohio-4165, the Supreme Court of Ohio held that "[p]ursuant to R.C. 2929.14(E)(4) and [R.C.]2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 132} In the case sub judice, the trial court stated at the sentencing hearing that:
 {¶ 133} "[t]he [c]ourt finds that these offenses are a spree, two adjacent houses on the street with multiple victims, and I find, based upon the evidence that I heard at the trial, that there was a completely separate animus as to each of these offenses, justifying a consecutive sentence.
 {¶ 134} "The [c]ourt further finds that consecutive sentences are necessary in order to protect the public and punish [appellant] and are not disproportionate to the seriousness of [appellant's] conduct and the danger [appellant] poses to the public. The [c]ourt finds that the offenses were committed while on [p]ost [r]elease [c]ontrol. After the 1998 burglary with the release in 2001, by law [appellant] would have been on three years of [p]ost [r]elease [c]ontrol at that time and would have only served six-and-a-half months of that [p]ost [r]elease [c]ontrol. I also find that the criminal history demonstrates that maximum and consecutive sentences are necessary to protect the public from [appellant's] future crimes."
 {¶ 135} In addition, the trial court referenced the foregoing factors and reasons in its October 1, 2002 judgment entry.
 {¶ 136} Based on the foregoing, the trial court made the statutorily mandated findings according to R.C. 2929.14(E)(4) in sentencing appellant to consecutive terms and gave reasons supporting its findings at the sentencing hearing pursuant to R.C. 2929.19(B)(2)(c) and Comer, supra. As such, the consecutive sentences were proper in order to protect the public from appellant and are not disproportionate to appellant's conduct or the danger he posed. Thus, appellant's sixth assignment of error is without merit.
 {¶ 137} For the foregoing reasons, appellant's assignments of error are not welltaken. I would affirm the judgment of the trial court.
[1] The economic harm suffered by Neil and Jill amounted to a total of $800, which included repairing their doorway for $650 and cleaning their carpet for $150.